GREGORY S. GLAZER, Bar No. 172197
gglazer@hkemploymentlaw.com
ALISON M. HAMER, Bar No. 258281
ahamer@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendants
ZIONIST ORGANIZATION OF AMERICA
and MORTON KLEIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT - CENTRAL DISTRICT

| | |
|---|---|
| ORIT ARFA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZIONIST ORGANIZATION OF AMERICA, a New York corporation; MORTON KLEIN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV13-02942 ABC (SSx)<br><br>[Los Angeles County Superior Court Case No. BC503861]<br><br>**DEFENDANT ZIONIST ORGANIZATION OF AMERICA AND MORTON KLEIN'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a); 28 U.S.C. § 1332**<br><br>**Complaint Filed:** March 25, 2013 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. sections 1441(a) and 1446, Defendants the Zionist Organization of America and Morton Klein hereby remove the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

# GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

## I. REMOVAL JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants the Zionist Organization of America ("the ZOA") and Morton Klein (collectively "Defendants") are citizens of the States of New York and Pennsylvania, respectively, whereas Plaintiff Orit Arfa ("Plaintiff") is a resident and citizen of the State of California. Plaintiff claims that she is seeking $300,000.00 in damages and attorneys' fees.

On or about March 25, 2013, Plaintiff filed a Complaint in the Superior Court of the State of California for Los Angeles, entitled *Orit Arfa, an individual, vs. Zionist Organization of America, a New York corporation; Morton Klein, an individual; and DOES 1 through 20, inclusive*, Case No. BC503861 (hereinafter the "Complaint"). (Declaration of Gregory Glazer ("Glazer Decl.") ¶ 2, Exh. A.) The Complaint purports to state causes of action against Defendants for wrongful termination, civil conspiracy, intentional and negligent infliction of emotional distress, and unfair business practices. (Glazer Decl. ¶ 2, Ex. A.)

The ZOA filed a Demurrer and Motion to Strike portions of Plaintiff's Complaint in state court on April 12, 2013, which has not been heard. (Glazer Decl. ¶ 3, Exh. B & C.) Mr. Klein was served the Summons and Complaint on April 20, 2013 and has not filed a responsive pleading because it is not yet due. (Glazer Decl. ¶ 2.)

Pursuant to 28 U.S.C. section 1446(d), Defendants are concurrently filing a Notice to the State Court of Removal with the Superior Court of the State of California in and for the County of Los Angeles and serving it on Plaintiff. (Glazer Decl. ¶ 4, Exh. D.)

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

### A. The Parties are Citizens of Different States

There is complete diversity of citizenship in this case between Plaintiff and Defendants the ZOA and Mr. Klein. Complete diversity of citizenship exists when each of the plaintiff is a citizen of a different state from each of the defendants. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Citizenship of a natural person is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is deemed to be a "citizen" of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(a).

Here, the ZOA, which is a corporation, is incorporated in and has its principal place of business in the State of New York. (Declaration of David Drimer ("Drimer Decl.") Decl. ¶ 2; Glazer Decl. ¶ 2, Exh. A ¶ 5.) The ZOA is a citizen of New York, **not** California.

Defendant Morton Klein resides in and is a citizen of the State of Pennsylvania, and is **not** a citizen of California. (Declaration of Morton Klein ("Klein Decl.") ¶ 2; Glazer Decl. ¶ 2, Exh. A ¶ 6.)

According to her Complaint, Plaintiff is a resident of the State of California. (Glazer Decl. ¶ 2, Exh. A ¶ 4.) She therefore is completely diverse from Defendants, which are not citizens of that state.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Under 28 U.S.C. section 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. According to Plaintiff herself, a reasonable estimate of her claims is $300,000, an amount well over the $75,000 threshold for diversity claims. Prior to filing her lawsuit, Plaintiff sent correspondents to Defendants' counsel offering to accept payment of $300,000 to settle her employment claims

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO.

against Defendants. (Glazer Decl. ¶ 5, Ex. E.) "A settlement demand is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

Also, in her Complaint, Plaintiff seeks past and future economic and non-economic damages, emotional distress damages, punitive damages, and attorneys' fees. (Glazer Decl. ¶ 2, Ex. A ¶¶ 41, 42, 47, 48, 52, 53, 55, 56, 57, 58, 63, 69, Prayer for Relief.) All of Plaintiff's purported damages may be used to determine the amount in controversy. *See* 28 U.S.C. § 1332(a). Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). The Court must consider any "sum which would entail a payment" by the defendant, including damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorney's fees. *Id.* at 698-701 (affirming district court's calculation of amount in controversy, including back benefits, estimated attorneys' fees of 12.5% of actual damages sought and punitive damages at a 1:1 ratio to economic damages).

Accordingly, per Plaintiff's own pre-litigation damage assessment of $300,000, in accordance with the relief sought in her Complaint, places the amount in controversy over $75,000.

### IV. THE NOTICE OF REMOVAL IS TIMELY

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from that it can be ascertained that that federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. 1446(b). That statute provides in relevant part:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

Here, Plaintiff served the Summons and Complaint to the ZOA on March 27, 2013 and Mr. Klein on April 20, 2013. (Glazer Decl. ¶ , Exh. A.) As a result, Defendants filed this Notice of Removal less than thirty (30) days of service of the Complaint's service. Thus, removal is timely pursuant to 28 U.S.C. section 1446(b).

## IV. CONCLUSION

For the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332(a) and 1441.

Dated:     April 25, 2013                HIRSCHFELD KRAEMER LLP

By: _____
Gregory S. Glazer
Alison M. Hamer
Attorneys for Defendants
ZIONIST ORGANIZATION OF AMERICA
and MORTON KLEIN

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On April 25, 2013, I served the following document(s) by the method indicated below:

**DEFENDANT ZIONIST ORGANIZATION OF AMERICA AND MORTON KLEIN'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a); 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 25, 2013, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO.

Bryan C. Altman
Joel E. Elkins
The Altman Law Group
6300 Wilshire Blvd., Ste. 980
Los Angeles, CA 90048
Phone: (323) 653-5581
Fax: (323) 653-5542

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on April 25, 2013 at Santa Monica, California.

*/s/ Karen Torres*
Karen Torres

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### CV13- 2942 ABC (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ORIT ARFA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ZIONIST ORGANIZATION OF AMERICA and MORTON KLEIN, et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bryan C. Altman (SBN 122976)
THE ALTMAN LAW GROUP
6300 Wilshire Blvd., Suite 980
Los Angeles, CA 90048
Telephone: (323) 653-5581

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gregory S. Glazer (SBN 172197)
Alison M. Hamer (SBN 258281)
HIRSCHFELD KRAEMER LLP
233 Wilshire Blvd., Ste. 600
Santa Monica, CA 90401 T:(310) 255-0705

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1332: Plaintiff asserts various claims related to her employment with Defendants.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☒ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-02942

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [x] NO  [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [x] NO  [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/ Alison M. Hamer_      DATE: April 24, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |