1   GREGORY S. GLAZER, Bar No. 172197
    gglazer@hkemploymentlaw.com
2   ALISON M. HAMER, Bar No. 258281
    ahamer@hkemploymentlaw.com
3   HIRSCHFELD KRAEMER LLP
    233 Wilshire Boulevard, Suite 600
4   Santa Monica, CA  90401
    Telephone:  (310) 255-0705
5   Facsimile:  (310) 255-0986

6   Attorneys for Defendants
    ZIONIST ORGANIZATION OF AMERICA
7   and MORTON KLEIN

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT - CENTRAL DISTRICT

10

11
    ORIT ARFA, an individual,            Case No.  2:13-cv-02942-ABC-SS
12
                    Plaintiff,           **DEFENDANTS ZIONIST
13                                       ORGANIZATION OF AMERICA
    vs.                                  AND MORTON KLEIN'S NOTICE
14                                       OF MOTION AND MOTION TO
    ZIONIST ORGANIZATION OF              DISMISS**
15  AMERICA, a New York
    corporation; MORTON KLEIN, an        **Hearing Date:**  June 3, 2013
16  individual; and DOES 1 through 20,   **Hearing Time:**  10:00 a.m.
    inclusive,                           **Dept.:**         680
17                                       **Judge:**         The Honorable Audrey
                    Defendants.                             B. Collins
18
                                         **Complaint Filed:**     March 25, 2013
19

20

21  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that on June 3, 2013 at 10:00 a.m., or as soon

23  thereafter as the matter may be heard in Department 680 the above-entitled court,

24  located at 312 North Spring Street, Los Angeles, CA 90012, Defendants ZIONIST

25  ORGANIZATION OF AMERICA ("Defendant the ZOA") and MORTON KLEIN

26  ("Mr. Klein") (collectively "Defendants") will move the Court to dismiss Plaintiff

27  ORIT ARFA's ("Plaintiff") First, Second, Third, Fourth, Fifth, and Sixth Claims;

28  prayer for attorneys' fees in her First, Second, Third, Fourth, Fifth, and Sixth

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Claims; and prayer for damages in her Sixth Claim, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), because the foregoing fail to state a claim upon which relief can be granted.  Specifically:

1. Plaintiff's First and Second Claims for Wrongful Termination fail against Mr. Klein because individual non-employers cannot be held liable for wrongful termination as a matter of law.

2. Plaintiff's First Claim for Wrongful Termination – Violation of Public Policy fails as to all Defendants because Plaintiff does not cite what underlying statute Defendants may have violated.

3. Plaintiff's Second Claim for Wrongful Termination – Gender Discrimination fails as to all Defendants because she pled insufficient facts to allege she was terminated because of her gender.

4. Plaintiff's Third Claim for Civil Conspiracy fails as to all Defendants as a matter of law because the ZOA cannot conspire with itself via its National President Mr. Klein.

5. Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress fails as to Mr. Klein because individual supervisors cannot be held liable for personnel actions.

6. Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress fails as to all Defendants because Plaintiff did not sufficiently plead Defendants engaged in extreme or outrageous conduct.

7. Plaintiff's Fifth Claim for Negligent Infliction of Emotional Distress fails as to all Defendants because it is barred by the Workers' Compensation Act.

8. Plaintiff's Fifth Claim for Negligent Infliction of Emotional Distress fails as to all Defendants because all conduct Plaintiff alleged was framed as intentional conduct, not negligent conduct.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS

9.      Plaintiff's Unfair Competition Law Claim fails as to all Defendants for the same reasons her other claims fail.

10.     Plaintiff's prayer for attorneys' fees in her First, Second, Third, Fourth, Fifth, and Sixth Claims fails to state a claim for relief against the ZOA and Mr. Klein because she failed to attach an agreement that contains a prevailing party attorneys' fee provision or cite a statute that provides for the recovery of attorneys' fees.

11.     Plaintiff's prayer for damages in her Sixth Claim for violation of the Unfair Competition Law fails to state a claim for damages against the ZOA and Mr. Klein because the statute only provides for injunctive and restitutionary relief.

Pursuant to Central District of California Rule 7-3, on April 26 and 29, 2013, Defendants' counsel discussed the substance of this Motion with Plaintiff's counsel to determine potential resolution that would eliminate the need for a hearing.  The parties were unable to reach a resolution.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers on file in this action, and such further evidence and arguments as may be presented before the Court at the hearing on this Motion.

Dated:  April 30, 2013                          HIRSCHFELD KRAEMER LLP

By: _____
                                        Gregory S. Glazer
                                        Alison M. Hamer
                                Attorneys for Defendants
                                ZIONIST ORGANIZATION OF AMERICA
                                and MORTON KLEIN

3

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I.      INTRODUCTION ....................................................................... 1

II.     LEGAL ARGUMENT ................................................................. 3

   A.   PLAINTIFF'S FIRST AND SECOND CLAIMS FOR WRONGFUL
        TERMINATION FAIL AGAINST INDIVIDUAL MR. KLEIN,
        BECAUSE INDIVIDUAL NON-EMPLOYERS CANNOT BE HELD
        LIABLE FOR WRONGFUL TERMINATION AS A MATTER OF
        LAW ............................................................................ 3

   B.   PLAINTIFF'S WRONGFUL TERMINATION – VIOLATION OF
        PUBLIC POLICY CLAIM FAILS AS TO ALL DEFENDANTS
        BECAUSE PLAINTIFF DOES NOT CITE WHAT UNDERLYING
        STATUTE DEFENDANTS MAY HAVE VIOLATED ....................... 4

   C.   PLAINTIFF'S SECOND CLAIM FOR WRONGFUL
        TERMINATION – GENDER DISCRIMINATION FAILS AS TO ALL
        DEFENDANTS BECAUSE PLAINTIFF PLED INSUFFICIENT
        FACTS TO ALLEGE SHE WAS TERMINATED BECAUSE OF HER
        GENDER ....................................................................... 5

   D.   PLAINTIFF'S THIRD CLAIM FOR CIVIL CONSPIRACY FAILS
        AS A MATTER OF LAW AS TO BOTH DEFENDANTS BECAUSE
        ZOA CANNOT CONSPIRE WITH ITSELF VIA ITS NATIONAL
        PRESIDENT .................................................................... 6

   E.   PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR INTENTIONAL
        AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
        FAIL AS TO MR. KLEIN BECAUSE INDIVIDUAL SUPERVISORS
        CANNOT BE HELD LIABLE FOR PERSONNEL ACTIONS ........... 7

   F.   PLAINTIFF'S FOURTH CLAIM FOR INTENTIONAL INFLICTION
        OF EMOTIONAL DISTRESS FAILS AS TO ALL DEFENDANTS
        BECAUSE PLAINTIFF DID NOT SUFFICIENTLY PLEAD
        DEFENDANTS ENGAGED IN EXTREME OR OUTRAGEOUS
        CONDUCT ...................................................................... 9

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

G.   PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS AS TO BOTH DEFENDANTS BECAUSE IT IS BARRED BY THE WORKERS' COMPENSATION ACT ................................................................................ 10

H.   PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM ALSO FAILS AS TO ALL DEFENDANTS BECAUSE ALL CONDUCT PLAINTIFF ALLEGED WAS FRAMED AS INTENTIONAL CONDUCT, NOT NEGLIGENT CONDUCT .. 11

I.   PLAINTIFF'S UNFAIR COMPETITION LAW CLAIM FAILS AS TO ALL DEFENDANTS FOR THE SAME REASONS HER OTHER CLAIMS FAIL ................................................................................ 12

J.   PLAINTIFF'S FAILURE TO ATTACH AN AGREEMENT THAT CONTAINS A PREVAILING PARTY ATTORNEYS' FEE PROVISION OR CITE A STATUTE THAT PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES PRECLUDES AN AWARD OF ATTORNEYS' FEES UNDER HER TORT CAUSES OF ACTION ................................................................................ 13

K.   PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES UNDER HER STATUTORY CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ. CLAIM BECAUSE THE STATUTE DOES NOT PROVIDE FOR ATTORNEYS' FEES ........................... 14

L.   PLAINTIFF'S PRAYER FOR DAMAGES IS IMPROPER UNDER HER UNFAIR BUSINESS PRACTICES CAUSE OF ACTION BECAUSE THE STATUTE ONLY PROVIDES FOR INJUNCTIVE AND RESTITUTIONARY RELIEF .................................................... 14

III.   CONCLUSION .......................................................................... 15

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2008)........................................................................5

*Buscemi v. McDonnell Douglas Corp.*
  736 F.2d 1348 (9th Cir. 1984) ............................................................9

**CALIFORNIA CASES**

*Bank of the West v. Super. Ct.*
  2 Cal. 4th 1254 (1992) ...................................................................14

*Burgess v. Super. Ct.*
  2 Cal. 4th 1064 (1992) ...................................................................11

*Carroll v. Hanover Ins. Co.*
  266 Cal. App. 2d 47 (1968) ..............................................................13

*Cole v. Fair Oaks Fire Prot. Dist.*
  43 Cal. 3d 148 (1987) ............................................................... 10, 11

*Farmers Ins. Exch. v. Super. Ct.*
  2 Cal. 4th 377 (1992) ....................................................................12

*Fermino v. Fedco, Inc.*
  7 Cal. 4th 701 (1994) ....................................................................10

*Green v. Ralee Eng'g Co.*
  19 Cal. 4th 66 (1998) .....................................................................3

*Heller v. Norcal Mutual Ins. Co.*
  8 Cal. 4th 30 (1994) .....................................................................14

*Ingels v. Westwood One Broad. Serv., Inc.*
  129 Cal. App. 4th 1050 (2003) ..........................................................12

*Jacobs v. Universal Dev. Corp.* (1997)
  53 Cal.App.4th 692 ........................................................................6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

iii

*Janken v. GM Hughes Elec.*
   46 Cal. App. 4th 55 (1996) ................................................................ 6, 7, 8

*Jones v. The Lodge at Torrey Pines P'ship*
   42 Cal. 4th 1158 (2008) ..................................................................8

*Jutkowitz v. Bourns, Inc.*
   118 Cal. App. 3d 102 (1981) ...........................................................13

*Khajavi v. Feather River Anesthesia Med. Group* (2000)
   84 Cal.App.4th 32 ............................................................................5

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal. 4th 1134 (2003) ..................................................................14

*Livitsanos v. Super. Ct.*
   2 Cal. 4th 744 (1992) ......................................................................10

*People v. McKale*
   25 Cal. 3d 626 (1979) .....................................................................12

*Potter v. Firestone Tire & Rubber Co.*
   6 Cal. 4th 965 (1993) ........................................................................9

*Reno v. Baird*
   18 Cal. 4th 640 (1998) ......................................................................8

*Semore v. Pool*
   217 Cal. App. 3d 1087 (1990) .........................................................11

*Sheppard v. Freeman*
   67 Cal. App. 4th 339 (1998) ....................................................... 7, 8, 9

*Shoemaker v. Myers*
   52 Cal. 3d 1 (1990) .........................................................................10

*Tameny v. Atlantic Richfield Co.*
   27 Cal. 3d 167 (1980) ....................................................................3, 4

*Trerice v. Blue Cross of Cal.*
   209 Cal. App. 3d 878 (1989) ............................................................9

*Turner v. Anheuser-Busch, Inc.*
   7 Cal. 4th 1238 (1994) ...................................................................3, 4

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

iv

*Walker v. Countrywide Home Loans, Inc.*
  98 Cal. App. 4th 1158 (2002) ................................................................14

*Weinbaum v. Goldfarb* (1996)
  46 Cal.App.4th 1310 ....................................................................6, 7

**CALIFORNIA STATUTES**

California Business and Professions Code § 17200, *et seq.* .......................... 2, 12, 14

California Labor Code § 1102.5 .......................................................................3

California Labor Code § 3602(a) ...................................................................10

**OTHER STATUTES**

Code of Civil Procedure § 1021...................................................................13

Labor Code §§ 3600 *et seq.* ...................................................................10

HIRSCHFELD KRAEMER LLP
Attorneys At Law
Santa Monica

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This lawsuit arises out of Plaintiff Orit Arfa's ("Plaintiff") former employment with the Zionist Organization of America ("the ZOA") and supervision under Morton Klein ("Mr. Klein") (collectively "Defendants").  The ZOA is a non-profit organization dedicated to promoting U.S.-Israel relations via educational activities and public affairs programs throughout its chapters across the United States.  From October 24, 2011 until November 19, 2012, Plaintiff served as the ZOA's Western Region Executive Director in Los Angeles.  (Plaintiff's Complaint ("Compl.") ¶¶ 5, 10, 16, 33-34.)  Throughout 2012, the ZOA's National President, Mr. Klein, directed Plaintiff to fulfill her fundraising duties on behalf of the ZOA.  (Compl. ¶¶ 6, 18, 24, 26.)  Without stating *how*, Plaintiff alleges that in asking her to perform her duties, Mr. Klein was harassing.  (Compl. ¶¶ 6, 18, 24, 26.)  During the two months preceding her termination, the ZOA's National Executive Director, David Drimer, spoke with Plaintiff regarding whether or not the ZOA intended to extend its lease for the Western Region's office in Los Angeles.  (Compl. ¶¶ 29, 32, 36.)  Ultimately, on November 19, 2012, Mr. Drimer informed Plaintiff that the ZOA was terminating her employment due to its "business decision to close the Los Angeles office and relocate the office of the Western Region to Oakland."  (Compl. ¶¶ 14, 34, 36.)

Plaintiff's Complaint alleges six claims against the ZOA *and* Mr. Klein: (1) tortious wrongful termination – violation of public policy; (2) tortious wrongful termination – gender discrimination; (3) tortious conspiracy to terminate Plaintiff's employment; (4) tortious intentional infliction of emotional distress; (5) tortious negligent infliction of emotional distress; and (6) unfair business practices.  The crux of Plaintiff's claims is that the ZOA allegedly wrongfully terminated her employment after she complained regarding her concerns with the organization's tax exempt status.  (Compl. pp. 3-10.)

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1   Despite the requirement to specifically identify the statute which serves as
2   the basis for an alleged "public policy," Plaintiff fails to cite which particular
3   statute, rule, regulation, or constitutional provision the ZOA purportedly violated.
4   Nor does Plaintiff's Complaint allege sufficient facts to state claims for gender
5   discrimination, civil conspiracy, intentional infliction of emotional distress,
6   negligent infliction of emotional distress, or unfair business practices.  Accordingly,
7   the Court should grant the ZOA's Motion to Dismiss all six claims against it.

8   Moreover, Plaintiff's Complaint fails to state any viable claim against Mr.
9   Klein, who was never Plaintiff's employer.  Well-established law provides that
10  individual supervisors who are not a plaintiff's employer cannot be held liable for
11  wrongful termination, civil conspiracy to terminate, unfair business practices, or
12  infliction of emotional distress for performing personnel actions by managing the
13  employee.  Thus, the Court should grant Mr. Klein's Motion to Dismiss Plaintiff's
14  entire Complaint against him.

15  Lastly, this Motion seeks to dismiss Plaintiff's improper prayer for attorneys'
16  fees in her tort Wrongful Termination, Civil Conspiracy, Intentional Infliction of
17  Emotional Distress, Negligent Infliction of Emotional Distress Claims, because her
18  Complaint fails to state that her prayer is supported by any contract or statute.
19  Also, the Court dismiss Plaintiff's prayer for attorneys' fees in her Unfair
20  Competition Law claim because California Business and Professions Code section
21  17200, *et seq.* does not provide for the recovery of attorneys' fees.  Lastly, the
22  Court should dismiss Plaintiff's improper prayer for damages in her Unfair
23  Competition Law claim, because only injunctive and restitutionary reliefs are
24  available under the statute.

25  / / /
26  / / /
27  / / /
28  / / /

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## II.   **LEGAL ARGUMENT**

### A.   **PLAINTIFF'S FIRST AND SECOND CLAIMS FOR WRONGFUL TERMINATION FAIL AGAINST INDIVIDUAL MR. KLEIN, BECAUSE INDIVIDUAL NON-EMPLOYERS CANNOT BE HELD LIABLE FOR WRONGFUL TERMINATION AS A MATTER OF LAW**

Well-established law clearly provides that individual defendants who were not the plaintiff's employer cannot be held liable under a wrongful discharge cause of action. "As a matter of law, **only an employer** can be liable for the tort of wrongful discharge in violation of public policy." *Khajavi v. Feather River Anesthesia Med. Group* (2000) 84 Cal.App.4th 32, 53 (emphasis added), *citing Weinbaum v. Goldfarb* (1996) 46 Cal.App.4th 1310, 1315 ("[T]here is nothing in *Foley* or in any other case we have found to suggest that this tort imposes a duty of any kind on anyone other than the **employer**.") (Emphasis added); *see also Jacobs v. Universal Dev. Corp.* (1997) 53 Cal.App.4th 692, 704 ("[O]nly **an employer** can be liable for tortious discharge.") (Emphasis added.)  The rationale behind such a rule is clear: "the duty on which the tort is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee otherwise terminable at the will or whim of the employer." *Weinbaum, supra*, 46 Cal.App.4th at 1315.

Plaintiff alleges that Mr. Klein is an individual who is the National President of the ZOA.  (Compl. ¶ 6.)  Plaintiff's Complaint does not, and cannot, allege that Mr. Klein was her employer.  Because the ZOA was Plaintiff's employer, and Mr. Klein was an agent of the ZOA as its National President, Mr. Klein cannot be held personally liable for the ZOA terminating Plaintiff's employment under a wrongful termination cause of action.  Therefore, Plaintiff's First and Second Claims for wrongful termination fail as a matter of law as to Mr. Klein.  Accordingly, the Court should dismiss Plaintiff's First and Second Claims against Mr. Klein *with prejudice*.

HIRSCHFELD KRAMER LLP
ATTORNEYS AT LAW
SANTA MONICA

3

**B.  PLAINTIFF'S WRONGFUL TERMINATION – VIOLATION OF PUBLIC POLICY CLAIM FAILS AS TO ALL DEFENDANTS BECAUSE PLAINTIFF DOES NOT CITE WHAT UNDERLYING STATUTE DEFENDANTS MAY HAVE VIOLATED**

Plaintiff's Wrongful Termination – Violation of Public Policy Claim alleges that the ZOA terminated her employment because she "oppos[ed ] illegal conduct, namely, the concealing of the loss of Defendant the ZOA's tax-exempt status as a not-for-profit entity." (Compl. ¶ 38.)  She alleges that her termination violated California Labor Code section 1102.5, which prohibits an employer from "retaliat[ing] against an employee for refusing to participate in an activity that would result in a *violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation*."  (Emphasis added.)

The California Supreme Court recognized a tort action for retaliatory or wrongful termination in violation of public policy in *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), (commonly referred to as a *Tameny* claim).  To prevail on a *Tameny* claim, Plaintiff must prove "that h[er] dismissal violated a policy that is[:] (1) fundamental[;] (2) beneficial for the public[;] and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994) (internal footnotes omitted).  A *Tameny* wrongful termination claim arises when a plaintiff is terminated for one of the following four reasons: (1) refusal to violate a statute; (2) performing an obligation imposed by the state; (3) exercising a statutory privilege or right; or (4) reporting an alleged violation of a statute of public importance. *Tameny*, 27 Cal. 3d at 176-77.

The "**plaintiff [bears] . . . the burden to provide the specific statutes and regulations on which he base[s] his claim" for wrongful termination**. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 84 (1998) (Emphasis added).  A plaintiff's vague charge of legal "violations, unaccompanied by citations to **specific** statutory or constitutional provisions, puts [the defendant] and the court in the position of

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4

1   having to guess at the nature of the public policies involved, if any." *Turner, supra*,

2   7 Cal. 4th at 1257. (Emphasis added.)

3          Here, Plaintiff's Complaint fails to cite to any specific state or federal statute,

4   rule, regulation or constitutional provision on which Plaintiff bases her wrongful

5   termination claim.  Thus, Plaintiff's Complaint fails to plead the requisite elements

6   of a *Tameny* retaliatory termination Claim because it does not state what

7   fundamental public policy the ZOA violated by terminating her employment.

8   Plaintiff's vague allegation that the ZOA terminated her for complaining about

9   "concealing the loss of Defendant ZOA's tax-exempt status as a not-for-profit

10  entity" is insufficient to put the ZOA and the Court on notice of which public

11  policy Plaintiff claims the ZOA violated, if any, and therefore fails to state a claim

12  for Wrongful Termination in Violation of Public Policy.  *See Turner, supra*, 7 Cal.

13  4th at 1257 (Plaintiff's "failure to identify a statutory or constitutional policy that

14  would be thwarted by his alleged discharge dooms his [wrongful termination] cause

15  of action.").  The Court should therefore grant Defendants' Motion to Dismiss

16  Plaintiff's Wrongful Termination – Violation of Public Policy Claim.

17  **C.    PLAINTIFF'S SECOND CLAIM FOR WRONGFUL
18          TERMINATION – GENDER DISCRIMINATION FAILS AS
            TO ALL DEFENDANTS BECAUSE PLAINTIFF PLED
            INSUFFICIENT FACTS TO ALLEGE SHE WAS
19          TERMINATED BECAUSE OF HER GENDER**

20         To state a claim for wrongful termination in violation of public policy,

21  Plaintiff must allege that: (1) she was terminated from her employment; (2) the

22  termination was a violation of public policy, i.e., there was a nexus between the

23  termination and her gender; and (3) she suffered damages.  *See Turner, supra*, 7

24  Cal. 4th at 1258-59.

25         Plaintiff does not allege any facts regarding gender discrimination within the

26  ten pages of her Complaint's Factual Background.  (*See* Compl. pp. 1-10.)  Rather,

27  she bases her entire Second Claim for Wrongful Termination – Gender

28  Discrimination on a single allegation:  that "other directors who were all male . . .

5

1  were not required to fund-raise anywhere near the rate at which [she] was."

2  (Compl. ¶ 44.)  Plaintiff then concludes that she was "terminated because she was a

3  woman."  (Compl. ¶¶ 45-46.)  These are two independent unrelated conclusory

4  statements.

5       Plaintiff's bare legal conclusion is insufficient to state a claim for wrongful

6  termination based upon gender.  The Court is not bound to accept bare legal

7  conclusions as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2008) (holding the

8  respondents allegations that petitioners "'subjected [him]' to harsh conditions of

9  confinement 'as a matter of policy, solely on account of [his] religion, race and/or

10 national origin, and for no legitimate penological interest" were "bare assertions"

11 that "amount to nothing more than a 'formulaic recitation of the elements' of a

12 constitutional discrimination claim . . . [and were therefore] conclusory and not

13 entitled to be assumed true.").  Since Plaintiff failed to plead plausible facts of a

14 causal nexus between her gender and termination, the Court should grant

15 Defendants' Motion to Dismiss Plaintiff's Wrongful Termination – Gender

16 Discrimination Claim.

17 **D.   PLAINTIFF'S THIRD CLAIM FOR CIVIL CONSPIRACY**
   **FAILS AS A MATTER OF LAW AS TO BOTH DEFENDANTS**
18 **BECAUSE ZOA CANNOT CONSPIRE WITH ITSELF VIA ITS**
   **NATIONAL PRESIDENT**
19

20      Plaintiff's Civil Conspiracy Claim against Defendants fails because it is well

21 established that a corporation cannot conspire with itself through the actions of its

22 agents.  Plaintiff alleges that the ZOA and its National President, Mr. Klein, agreed,

23 intended, and planned to terminate her because of her concerns over the tax issue

24 and because she was a woman, which resulted in her termination and related

25 damages.  (Compl. ¶¶ 50, 51, 52, 53.)  "A conspiracy generally requires agreement

26 plus an overt act causing damage."  *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th

27 55, 78 (1996) (*citing Doctors' Co. v. Super. Ct.*, 49 Cal. 3d 39, 44 (1989)).  In

28 *Janken*, the court explained that a corporation cannot be held liable for civil

6

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

conspiracy through the acts of its agents:

> A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself. Thus, when a corporate employee acts in his or her authorized capacity on behalf of his or her corporate employer, there can be no claim of conspiracy between the corporate employer and the corporate employee. In such a circumstance, the element of concert is missing.

*Id.* (internal citations omitted.)

Plaintiff essentially pled that the ZOA wrongfully terminated her employment through agreement with Mr. Klein, and she is attempting to hold the ZOA and Mr. Klein mutually liable by alleging a non-cognizable civil conspiracy claim between the two of them, even though individual, non-employers cannot be held personally liable for discrimination or wrongful termination by engaging in personnel actions on behalf of their employer. *See id.* at 80; *see also Weinbaum*, *supra*, 46 Cal. App. 4th at 1315. Based on the foregoing, Plaintiff's Civil Conspiracy Claim against the ZOA and Mr. Klein fails and should be dismissed *with prejudice*.

**E.    PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAIL AS TO MR. KLEIN BECAUSE INDIVIDUAL SUPERVISORS CANNOT BE HELD LIABLE FOR PERSONNEL ACTIONS**

As Plaintiff's former supervisor at the ZOA, by law Mr. Klein cannot be held liable for personnel actions through managing Plaintiff. A "former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998). The public policy behind this rule is simple: "Personnel actions are made for the benefit of the enterprise - the employer, and **it is the employer, not the individual employees**, that must bear the risks and responsibilities attendant to these actions." *Id.* (Emphasis added.) The *Sheppard* court recognized that personnel actions are the *sine qua non* of any business operation. *Id.* at 345. "[T]o properly manage its business, every employer must on occasion review, criticize,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS

1  demote, and discipline employees." *Id.* (quo*ting Cole v. Fair Oaks Fire Prot. Dist.,*

2  43 Cal. 3d 148, 160 (1987)).  Also, "[w]ithout making personnel decisions, a

3  supervisory employee simply cannot perform his or her job duties." *Janken v. GM*

4  *Hughes Elec.*, 46 Cal. App. 4th 55, 64 (1996).  "[T]he exercise of personnel

5  management authority properly delegated by an employer to a supervisory

6  employee might result in discrimination, but not harassment." *See Janken*, 46 Cal.

7  App. 4th at 63-64.  Individual supervisory employees cannot be held liable for the

8  performance of personnel actions that amount to discrimination or retaliation.  *Id.* at

9  62; *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998); *Jones v. The Lodge at Torrey Pines*

10 *P'ship*, 42 Cal. 4th 1158, 1173 (2008).

11         Here, Plaintiff alleges that Mr. Klein "pressured her to fund-raise" (*i.e.*,

12 perform her job), instructed her to run "all communications with the public,

13 including publications, press releases and emails[ for] pre-approv[al] by [him]," and

14 recommended that the ZOA terminate her employment.  (Compl. ¶¶ 18, 20, 33.)

15 "A simple pleading of personnel management activity is insufficient to support a

16 claim of intentional infliction of emotional distress, even if improper motivation is

17 alleged." *Janken*, 46 Cal. App. 4th at 80; *see also Kacludis v. GTE Sprint*

18 *Commc'n Corp.*, 806 F. Supp. 866, 873 (N.D. Cal. 1992) (holding individual

19 supervisors stand in the place of the employer when making personnel decisions

20 and cannot be held liable, including for claims of negligence, based on an allegation

21 that they "somehow acted outside the scope of the employment relationship in"

22 making the personnel decision).  Rather, "[i]f personnel management decisions are

23 improperly motivated, the remedy is a suit against the employer for discrimination."

24 *Id.*  The Court must dismiss Plaintiff's Fourth and Fifth Claims for Intentional and

25 Negligent Infliction of Emotional Distress as to Mr. Klein.

26

27

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

8

**F.    PLAINTIFF'S FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS AS TO ALL DEFENDANTS BECAUSE PLAINTIFF DID NOT SUFFICIENTLY PLEAD DEFENDANTS ENGAGED IN EXTREME OR OUTRAGEOUS CONDUCT**

To satisfy a Claim for IIED, Plaintiff must plead the following: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . ." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). (Citations omitted.) The alleged conduct must be "so extreme as to exceed all bounds [of conduct] that is usually tolerated in a civilized community." *Id.* Here, Plaintiff has not alleged any facts that constitute extreme and outrageous conduct sufficient to establish that Defendants intentionally inflicted emotional distress upon her.

Plaintiff's allegation that Defendants pressured her to fund-raise and terminated her employment are insufficient to amount to extreme or outrageous conduct to support her IIED claim. Again, these are personnel actions, necessary to operating a business. *See Sheppard*, *supra*, 67 Cal. App. 4th at 345. "[T]o properly manage its business, every employer must on occasion review, criticize, demote, and discipline employees." *Id.* (*quoting Cole*, *supra*, 43 Cal. 3d at 160). In addition, simply terminating an employee, even if without cause, does not constitute outrageous conduct. *See Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984); *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989). Because Plaintiff's Complaint does not allege any facts to show Defendants intentionally engaged in extreme and outrageous conduct towards her that is "so extreme as to exceed all bounds [of conduct] that is usually tolerated in a civilized community," the Court should grant Defendants' Motion to Dismiss Plaintiff's Fourth Claim.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

9

**G.    PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS AS TO BOTH DEFENDANTS BECAUSE IT IS BARRED BY THE WORKERS' COMPENSATION ACT**

California Labor Code section 3602(a) provides that "[w]here the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee . . . against the employer." The California Supreme Court has found that "injuries caused by employer negligence or without employer fault [ ] are compensated at the normal rate under the workers' compensation system" and civil actions are barred by the Workers' Compensation Act. *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 721-23 (1994).

In her Complaint, Plaintiff fails to allege facts that would take the claim for negligent infliction of emotional distress ("NIED") out of the employment context and, therefore, beyond the exclusive remedy provisions of the Workers' Compensation Act ("WCA"). *See Cole, supra*, 43 Cal. 3d 148. In *Cole*, the plaintiff alleged that his employer deliberately harassed and punished him. The *Cole* court held that even this type of conduct necessarily arose in the "course of the employment," within the purview of Labor Code sections 3600 *et seq. Id.* at 160. "Actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances" fall within the exclusive remedy of the workers' compensation laws. *Id.; Shoemaker v. Myers*, 52 Cal. 3d 1 (1990) (affirming *Cole* and holding plaintiff's Claim for intentional infliction of emotional distress was preempted by Labor Code sections 3600 et seq.). *Shoemaker* further held that characterizing the employer's conduct as intentional or outrageous was not enough to escape the exclusive remedy provisions of the WCA. *Id.* at 26; *see also Livitsanos v. Super. Ct.*, 2 Cal. 4th 744 (1992).

1       Here, Plaintiff's claim arises solely from her employment with the ZOA.  She

2   alleges Defendants negligently inflicted emotional distress upon her by pressuring

3   her to perform her fundraising duties and terminating her employment.  (Compl. ¶¶

4   18, 19, 26, 34.)  Because Plaintiff's claims fall only within the employment

5   relationship, *Cole* and *Shoemaker's* governing holdings dictate this claim is barred

6   by the exclusive remedy provisions of the WCA.

7   **H.    PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL**

8           **DISTRESS CLAIM ALSO FAILS AS TO ALL DEFENDANTS BECAUSE ALL CONDUCT PLAINTIFF ALLEGED WAS**

9           **FRAMED AS INTENTIONAL CONDUCT, NOT NEGLIGENT CONDUCT**

10      To prove negligent infliction of emotional distress, Plaintiff must

11  demonstrate that Defendants owed her a duty, that Defendants engaged in negligent

12  conduct, that she then suffered severe emotional harm, and that the negligent

13  conduct was the cause of the emotional distress suffered by Plaintiff.  *See Burgess*

14  *v. Super. Ct.*, 2 Cal. 4th 1064, 1072 (1992).  Plaintiff's NIED claim fails because

15  she alleges intentional, but not negligent conduct, as the basis for her NIED claim.

16      Intentional conduct cannot be used as a basis for recovery under NIED

17  theory.  *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990).  An employer's

18  supervisory conduct is inherently intentional and customary to the employer-

19  employee relationship.  *See id.*  Thus, an employee asserting a NIED claim against

20  her employer cannot base her suit on a supervisor's intentional conduct or

21  personnel decision by framing intentional acts as "breaching a duty" towards her.

22  *Id.*  In *Semore v. Pool*, an employee sued his former employer for wrongful

23  termination and NIED when he was terminated for refusing to submit to a work-

24  related drug screening.  *Id.* at 1092-93.  The court held that the supervisor had

25  intentionally terminated the plaintiff's employment, and thus, the deliberate firing

26  of plaintiff could not serve as a basis for a negligence claim.  *Id.* at 1105.  Here, the

27  ZOA's alleged conduct with relation to terminating Plaintiff's employment was, of

28  course, intentional conduct.  (Compl. ¶¶ 26, 34.)  Even if the Court accepts all of

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1   Plaintiff's allegations as true, each instance of allegedly actionable conduct was

2   intentional.  Thus, Plaintiff's Fifth Claim fails as a matter of law and must be

3   dismissed, *with prejudice.*

4   **I.    PLAINTIFF'S UNFAIR COMPETITION LAW CLAIM FAILS**

5   **AS TO ALL DEFENDANTS FOR THE SAME REASONS HER OTHER CLAIMS FAIL**

6         Plaintiff failed to state a claim for violation of the UCL for the same reasons

7   as all of her other claims fail.  As the California Supreme Court has recognized, the

8   UCL "borrows" violations of other laws and treats them as unlawful practices

9   independently actionable under the UCL.  *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.

10  4th 377, 383 (1992); *People v. McKale*, 25 Cal. 3d 626, 632 (1979).  Dismissal of

11  the "borrowed" Claim necessarily causes a dismissal of the Section 17200 claim.

12  *See, e.g., Ingels v. Westwood One Broad. Serv., Inc.*, 129 Cal. App. 4th 1050, 1060

13  (2003) (holding that "[a] defendant cannot be liable under the UCL for committing

14  'unlawful business practices' without having violated another law . . . If the

15  [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base

16  the derivative Unfair Competition claim.").

17        By law, at best, Plaintiff's UCL claim "borrows" the violations alleged in her

18  other claims, to the extent that she pled sufficient facts to state any claims.  Because

19  Plaintiff failed to state a claim for wrongful termination, civil conspiracy, or

20  infliction of emotional distress, she failed to state that Defendants violated the

21  UCL.  Moreover, because Mr. Klein cannot be held individually liable for wrongful

22  termination, civil conspiracy, or for acts relating to personnel actions, Plaintiff's

23  UCL against Defendant that borrows such claims' alleged violations fails.

24  Accordingly, the Court should grant Defendants' Motion to Dismiss Plaintiff's

25  Sixth Claim.

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**J.     PLAINTIFF'S FAILURE TO ATTACH AN AGREEMENT THAT CONTAINS A PREVAILING PARTY ATTORNEYS' FEE PROVISION OR CITE A STATUTE THAT PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES PRECLUDES AN AWARD OF ATTORNEYS' FEES UNDER HER TORT CAUSES OF ACTION**

Plaintiff is seeking attorneys' fees under her tort claims without stating any legal basis to do so in her Complaint.  As a general proposition, each party must pay its own attorneys' fees.  This concept is embodied in Code of Civil Procedure section 1021, which provides that **each party is to bear his or her own attorneys' fees unless a statute or agreement of the parties provides otherwise**.  In interpreting Code of Civil Procedure section 1021, courts generally rule that without a specific statutory provision or contractual agreement, attorneys' fees are not part of the costs recoverable from the opposing party.  *See Jutkowitz v. Bourns, Inc.*, 118 Cal. App. 3d 102 (1981).  Thus, "in the absence of some statutory right or contractual provision, attorney's fees are to be paid by the party employing the attorney."  *Carroll v. Hanover Ins. Co.*, 266 Cal. App. 2d 47, 50 (1968).

Plaintiff's Complaint fails to identify any contract or statute providing for recovery of attorneys' fees under her tort claims of Wrongful Termination - Violation of Public Policy, Wrongful Termination – Gender Discrimination, Civil Conspiracy, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.  Plaintiff cannot recover attorneys' fees for such claims absent a contract or statute providing for attorneys' fees for the prevailing party since they are rooted in tort.  *See* Code Civ. Pro. § 1021 (providing each party is to bear his or her own attorneys' fees unless a statute or agreement of the parties provides otherwise).  Nonetheless, Plaintiff's prayer for relief makes an unsupported request for "statutory damages and costs, including reasonable attorneys' fees . . . ."  (Compl. p. 16, Line 1.)  Plaintiff has failed to allege the basis of her request for attorneys' fees in connection with these tort claims.  Accordingly, the Court should

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS

1   dismiss Plaintiff's prayer for attorneys' fees in her First, Second, Third, Fourth, and

2   Fifth Claims.

**K.   PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES UNDER HER STATUTORY CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ. CLAIM BECAUSE THE STATUTE DOES NOT PROVIDE FOR ATTORNEYS' FEES**

6   Similarly, Plaintiff has not cited any statute to recover attorneys' fees under

7   her Sixth Claim of Unfair Business Practices under California Business and

8   Professions Code section 17200 *et seq.* "The unfair competition law does not

9   provide for attorney fees, and relief is generally limited to injunctive relief and

10  restitution." *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158,

11  1180 (2002).  Thus, the Court should dismiss Plaintiff's prayer for attorneys' fees

12  in her Sixth Claim.

**L.   PLAINTIFF'S PRAYER FOR DAMAGES IS IMPROPER UNDER HER UNFAIR BUSINESS PRACTICES CAUSE OF ACTION BECAUSE THE STATUTE ONLY PROVIDES FOR INJUNCTIVE AND RESTITUTIONARY RELIEF**

16  The UCL "'borrows' violations from other laws by making them

17  independently actionable as unfair competitive practices." *Korea Supply Co. v.*

18  *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  "A UCL action is

19  equitable in nature; damages cannot be recovered." *Id*; *see also Heller v. Norcal*

20  *Mutual Ins. Co.*, 8 Cal. 4th 30, 45 (1994) ("Damages are not available for claims

21  under the Unfair Business Practices Act."); *Bank of the West v. Super. Ct.*, 2 Cal.

22  4th 1254, 1266 (1992).  Plaintiff's Complaint is seeking past and future wages,

23  emotional distress damages, and punitive damages, which are unrecoverable under

24  this statute.  Her allegation that "as a direct and proximate result of [the ZOA's]

25  unfair business practices,[ she] has suffered damages" requests recovery

26  unsupported by the Unfair Business Practices Act.  Therefore, the Court should

27  dismiss Plaintiff's prayer for damages in her Sixth Claim.

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

III.   **CONCLUSION**

      For the foregoing reasons, Defendants the ZOA and Klein respectfully request that the Court grant its Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Claims against them.  In addition, Defendants the ZOA and Klein respectfully request that the Court dismiss Plaintiff's request for attorneys' fees as to her First, Second, Third, Fourth, Fifth and Sixth Claims, and her prayer for damages in her Sixth Claim.

Dated:  April 30, 2013                    HIRSCHFELD KRAEMER LLP

By:_____
                        Gregory S. Glazer
                        Alison M. Hamer
Attorneys for Defendants
ZIONIST ORGANIZATION OF AMERICA
and MORTON KLEIN

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:13-CV-02942-ABC-SS