**[COUNSEL OF RECORD ON NEXT PAGE]**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORIT ARFA, an individual,<br><br>        Plaintiff,<br>vs.<br><br>ZIONIST ORGANIZATION OF AMERICA, a New York corporation; MORTON KLEIN, an individual; and DOES 1 to 20, inclusive,<br><br>        Defendants. | Case No.: CV13-2942 ABC (SSx)<br><br>**PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]**<br><br>Complaint Filed: March 25, 2013<br>FAC Filed: May 10, 2013<br>SAC Filed: August 14, 2013<br>TAC Filed: September 11, 2013<br><br>Trial Date: September 9, 2014 |

Bryan C. Altman (State Bar No. 122976)
Joel E. Elkins (State Bar No. 256020)
THE ALTMAN LAW GROUP
6300 Wilshire Blvd. Suite 980
Los Angeles, California 90048
Telephone: (323) 653-5581
Fax: (323) 653-5542

Attorneys for Plaintiff
ORIT ARFA

Cynthia L. Filla (SBN 184638)
FillaC@jacksonlewis.com
Jennifer B. Hodur (SBN 211948)
HodurjJ@jacksonlewis.com
Danny Yadidsion (SBN 260282)
Danny.Yadidsion@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430

Gregory S. Glazer, Esq.
gglazer@chklawyers.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Tel: (310) 255-0705
Fax: (310) 255-0986

Attorneys for Defendants
ZIONIST ORGANIZATION OF AMERICA and
MORTON KLEIN

Based upon the Stipulation and [Proposed] Protective Order Precluding Disclosure of Confidential Information submitted by the parties, and for good cause shown:

<u>GOOD CAUSE STATEMENT</u>.  Good cause exists for the Court to grant the Parties' stipulation and issue a protective order in the above-captioned action (the "Litigation"), so as to permit the Parties to engage in the discovery process without improperly disclosing or divulging confidential, sensitive, and/or private information of the Parties, or any of them, and to prevent the dissemination of constitutionally-protected private information of third-party non-litigants.

1.  This stipulated confidentiality agreement and protective order ("Protective Order") shall govern the production, use, and handling of confidential documents and information produced by any Party in any form in the Litigation (collectively, "Material").  Any Party or non-party may designate as "Confidential" any documents, information, or other things that contain confidential information not previously made available to the public, which any Party or non-party contends should be protected from disclosure pursuant to this Protective Order.

2.  "Confidential Information" means any document, file, portion(s) of file(s), transcribed testimony, or response(s) to discovery request(s), including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraphs 3-5 below, containing:

   a.  Donor information, including identifying information of prospective and actual donors to the ZOA (including names, Social Security numbers, addresses, telephone numbers, email addresses, and bank account information), donation or contribution amounts, and communications between donor(s) and the ZOA (including any and all of its current and former employees and board members) regarding specific donations or contributions of current and former prospective and actual donors to the ZOA;

///

Case No.: CV13-2942 ABC (SSx)   3   [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL INFORMATION

    b. Personnel information, including identifying information (including Social Security numbers, addresses, telephone numbers, and email addresses), personnel records, compensation history, performance reviews, and disciplinary action of the ZOA's current and former employees;

    c. Board member information, including identifying information (including Social Security numbers, addresses, telephone numbers, and email addresses) and contribution amounts of members of the ZOA's board of directors;

    d. Commercially sensitive and/or confidential materials related to the ZOA, its donors and prospective donors, and its fundraising efforts and strategies;

    e. Information regarding Plaintiff's treatment with a therapist.

  3. <u>Confidential Designation of Material</u>.

  Any Party or non-party producing or filing a document or thing in the Litigation may designate it at the time of its production or filing as subject to this Protective Order by designating the Material as Confidential by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential," "Confidential Subject to Protective Order," or words of similar import ("Confidential Information"). The Parties agree to exercise good faith in evaluating whether materials should receive any Confidential Information designation pursuant to this Protective Order.

  The Parties may designate documents previously produced in the Litigation as "Confidential" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "Confidential" by Bates numbers.

  4. <u>Designation of Deposition Testimony as Confidential</u>.

  Any Party, or any third party as to testimony given by the third party at that third party's deposition, may designate deposition testimony, including formally-marked exhibits to deposition transcripts, as "Confidential" by stating on the record at the deposition, or in writing within thirty (30) days after the receipt of the deposition transcript, that specified testimony is confidential. During the thirty (30) day period

immediately following any deposition in the Litigation, the transcript of that deposition will be treated as "Confidential" under the terms of this Order.

The Parties may designate deposition testimony previously recorded in the Litigation to date as "Confidential" by providing written notice to the other party, within thirty (30) days of the date the Court signs this Protective Order, of the designation and identifying the page and line numbers of the testimony to be treated as "Confidential." The Parties may designate exhibits to transcripts of deposition testimony previously recorded in the Litigation to date as "Confidential" by providing written notice to the other party, within thirty (30) days of the date the Court signs this Protective Order, of the designation and identifying the number of the exhibit to be treated as "Confidential."

5. <u>Designation of Discovery Responses as Confidential</u>.

Any Party, or any third party as to information given by the party in response to requests for information, may designate as "Confidential" any specific written disclosures, responses to discovery, or other responses to information requests by labeling the specific response "Confidential."

The Parties may designate information previously given in response to discovery requests in the Litigation as "Confidential" by providing written notice to the other party of the designation and identifying the Material that the Party wishes to designate as "Confidential" by Bates numbers.

6. <u>Use of Confidential Documents or Information in Court Filings</u>.

In accordance with Local Rule 79-5, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by a written application and proposed order to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers. Confidential Information filed under seal shall be labeled with a cover sheet bearing the case name and number along

with the statement: "CONFIDENTIAL INFORMATION – DISCLOSURE RESTRICTED BY PROTECTIVE ORDER," or words to that effect, and a statement substantially in the following form:

> **This envelope is sealed pursuant to an Order of the Court,**
>
> **contains Confidential Information, and is not to be opened**
>
> **or the contents revealed except by Order of the Court.**

The document shall indicate clearly which portions are designated to be Confidential Information. A copy of this stipulated Protective Order shall be submitted with the sealed envelope or sealed container in which the Confidential Information is contained. Documents so labeled shall be kept under seal by the Court Clerk.

      7.   <u>No Effect on Parties' Ability to Assert Objections</u>.

Nothing in this Protective Order shall preclude any Party from asserting all potential objections to and otherwise resisting discovery requests, including objections based upon the confidential, commercially sensitive, and/or third-party privacy nature of information sought. Nothing in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including but not limited to additional restrictions on disclosure to the Parties herein.

      8.   <u>Limitations on Access to Confidential Information</u>.

         a.   Except upon prior written consent of the party designating documents, testimony, information, or material "Confidential," or upon Order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, testimony, information, or material designated as "Confidential" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of the Litigation and for no other purpose. Confidential Information shall not be used in any other present or future lawsuit, action, or other matter. Nothing in this Order restricts the ability of any Party to use or disclose its own Confidential Information.

    b. Confidential Information and its contents may only be disclosed to the following persons and subject to the following conditions:

      (i). Counsel of record for the Parties to the Litigation, now or in the future, as well as their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who actively are engaged in assisting such attorneys in the prosecution or defense of the Litigation; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

      (ii). The Parties, including without limitation former and current employees of the ZOA and members of its board of directors, whose knowledge of such information the receiving party in good faith determines is necessary to enable the Parties to prepare for trial, to prosecute or defend the Litigation, or to engage in appellate proceedings with respect to the Litigation;

      (iii). Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel or a Party for the purpose of analyzing data, conducting studies or providing opinions to assist in the Litigation and agree to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (see Attachment A) or on the record in the Litigation;

      (iv). Dispute resolution providers, including mediators, arbitrators, and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

      (v). Court and administrative personnel, including judges, court reporters, law clerks, and clerks engaged in proceedings in this case; and

      (vi). Prospective witnesses at any deposition or other proceeding in this action who have agreed to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (see Attachment A) or on the record in the Litigation.

9. <u>Challenging Confidential Designation</u>.

a. If at any time one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Information, that Party nevertheless shall treat and protect such Material in accordance with this Protective Order until and unless all Parties have agreed in writing, or an Order of the Court has been entered and becomes enforceable, providing that such challenged Confidential Information may be used or disclosed in a manner different from that specified in this Protective Order.

b. If any Party or third party objects to the designation of any document, testimony, information, or material as "Confidential," the Parties, in compliance with Local Rule 37-1, shall attempt to resolve the dispute in good faith on an informal basis. If the Parties are unable to resolve the dispute informally within ten (10) days after the time the informal notice is received, in compliance with Local Rule 37-2, the objecting Party may apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. In any proceeding to release Confidential Information from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as Confidential under Federal Rule of Civil Procedure Rule 26(c). If the objecting Party makes such a timely motion, the material shall continue to be deemed Confidential under the terms of the Protective Order until the Court rules on such motion.

10. <u>Limitation on Copies of Confidential Information</u>.

No Party shall, for itself or for any person or persons acting on its or her behalf, make more copies of any Confidential Information or material than reasonably necessary to conduct the Litigation.

11. <u>Storage of Confidential Information</u>.

Except as otherwise provided for in Paragraph 8(b), above, all Confidential Information shall remain in the possession of counsel for the respective Parties or of any

entity described in and complying with Paragraph 8(b) and be stored in a secure place and manner.

12. <u>Return of Confidential Information Upon Resolution of the Lawsuit</u>.

Within fifteen (15) days of the termination of the Litigation, all originals and copies of documents, testimony, information, or material (and all summaries thereof) designated "Confidential" at any time during the Litigation shall be returned to counsel for the producing part(ies) or destroyed, except that counsel for the Parties may keep one (1) copy of such documents, testimony, information, or material for their records, in which case counsel must agree to maintain the confidentiality of such materials consistent with the Protective Order. If "Confidential" documents, testimony, information, and material (and all summaries thereof) are destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing part(ies) that said documents have been destroyed within fifteen (15) days of termination of the Litigation.

13. <u>Additional or Different Protection for Confidential Information</u>.

Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. This Order shall not affect the admissibility of Confidential Information at trial.

14. <u>No Prejudice to Other Rights</u>

The terms and conditions of this Protective Order are without prejudice to the right of the Parties to object to any discovery request, withhold documents on the basis of privilege, apply to the Court for an order compelling production of documents, or apply for an order permitting disclosure of any Confidential Information.

15. <u>Modification</u>.

This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard. This Protective Order shall survive the final termination of the Litigation, to the extent

that the Confidential Information is not or does not become known to the public. The Court shall retain jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem necessary or appropriate. Notwithstanding whether this Protective Order becomes an order of the Court or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by order of the Court.

**IT IS SO ORDERED.**

DATED: January 17, 2014                    _____/S/_____
                                                  HONORABLE SUZANNE H. SEGAL

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

1. My name is_____.

2. I have read the Protective Order (the "Order) that has been entered in the matter of *Orit Arfa v. Zionist Organization of America* et al., USDC Case No. CV 13-2942 ABC (SSx), a copy of which has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 201_, at _____, _____.

_____
Signature

Name:
_____
Affiliation:
_____
Business Address:
_____
Home Address:
_____