1  **[COUNSEL OF RECORD ON NEXT PAGE]**

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  ORIT ARFA, an individual,                    ) **CASE NO.:  CV13-2942 ABC (SSx)**
                                                  )
11                        Plaintiff,              ) Honorable Audrey B. Collins
                                                  )
12              v.                                ) **DISCOVERY MATTER: JOINT**
                                                  ) **STIPULATION REGARDING**
13  ZIONIST ORGANIZATION OF                       ) **PLAINTIFF'S MOTION TO QUASH**
    AMERICA, a New York corporation; and          ) **DEFENDDANTS' SUBPOENA TO**
14  MORTON KLEIN, an individual; and              ) **RUSS, AUGUST & KABAT**
    DOES 1 through 20, inclusive,                 )
15                                                ) **[Local Rule 37-2]**
                        Defendants.               )
16                                                ) [Filed concurrently with Notice of Motion,
                                                  ) Supporting and Opposing Declarations
17                                                ) and Exhibits]
                                                  )
18                                                ) **Magistrate;   Hon. Suzanne H. Segal**
                                                  ) **Hearing Date:        April 1, 2014**
19                                                ) **Time:              10:00 a.m.**
                                                  ) **Courtroom:         23**
20                                                )
                                                  ) Complaint Filed:      March 25, 2013
21                                                ) FAC Filed:            May 10, 2013
                                                  ) TAC Filed:            September 11, 2013
22                                                ) Discovery Cutoff Date:    Apr. 16, 2014
                                                  ) Pretrial Conference Date:  Aug. 11, 2014
23                                                ) Trial Date:           Sept. 9, 2014
                                                  )
24                                                )
                                                  )
25                                                )
                                                  )
26  _____              )

27

28

1  Cynthia L, Filla Esq. (SBN 184638)
   (FillaC@jacksonlewis.com)
2  Jennifer B. Hodur, Esq. (SBN 211948)
   (HodurJ@jacksonlewis.com)
3  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
5  Facsimile:  (213) 689-0430

6  Gregory S. Glazer, Esq.
   (gglazer@chklawyers.com)
7  HIRSCHFELD KRAEMER LLP
   233 Wilshire Boulevard, Suite 600
8  Santa Monica, California 90401
   Telephone: (310) 255-0705
9  Facsimile: (310) 255-0986

10 Attorneys for Defendants
   ZIONIST ORGANIZATION OF AMERICA and
11 MORTON KLEIN

12
   Bryan C. Altman (State Bar No. 122976)
13 (bryan@altmanlawgroup.net)
   Michael T. Smith (State Bar No. 170522)
14 (msmith@altmanlawgroup.net)
   THE ALTMAN LAW GROUP
15 6300 Wilshire Blvd. Suite 980
   Los Angeles, California 90048
16 Telephone: (323) 653-5581
   Fax: (323) 653-5542
17
   Attorneys for Plaintiff
18 ORIT ARFA

19

20

21

22

23

24

25

26

27

28

---

CASE NO.: CV 13-2942 ABC (SSx)

JOINT STIPULATIONN REGARDIING PLAINTIFF'S MOTION TO
QUASH DEFENDDANTS' SUBPOENA TO RUSS, AUGUST &
KABAT FOR PRODUCTION OF THIRD PARTY EMAILS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTIONS: .......................................................................... 1

    A.    PLAINTIFF'S INTRODUCTORY STATEMENT ......................... 1

    B.    DEFENDANTS' INTRODUCTORY STATEMENT ....................... 4

II.   ISSUE 1:  THE DISCOVERY REQUESTS IN DISPUTE .................... 7

III.  ISSUE 1: THIS COURT SHOULD QUASH THE SUBPOENA TO RUSS, AUGUST & KABAT WHICH SEEKS THE PRODUCTION OF IRRELEVANT EMAILS, PERSONAL, PRIVATE EMAILS AND ATTORNEY WORK-PRODUCT AND ATTORNEY/CLIENT COMMUNICATIONS ................................................................. 36

    A.    PLAINTIFF'S CONTENTIONS: ................................................ 36

        1.    The Russ, August & Kabat Subpoena Seeks Irrelevant Documents Which are Unrelated to This Case. .............................. 36

        2.    The Russ, August & Kabat Subpoena Seeks Emails Protected from Discovery by the Right of Privacy. ................................... 37

        3.    The Russ, August & Kabat Subpoena Seeks Emails Protected from Discovery by Attorney Work-Product Protections. ............ 38

        4.    The Russ, August & Kabat Subpoena Seeks Emails Protected by the Attorney-Client Privilege. .......................................... 39

    B.    DEFENDANTS' CONTENTIONS ........................................... 40

        1.    The Court Should Reject Plaintiff's Arguments Based On Relevance And Overbreadth ............................................... 40

        2.    Plaintiff Has Not Established Any Legally Protected Privacy Right To Warrant Quashing The RAK Subpoena. ...................... 43

        1.    Plaintiff Has Not Articulated Any Basis For Quashing The RAK Subpoena Based On Alleged Work Product Protection, Nor Has She Proffered Any Evidence To Show Work Product Materials Exist Among The Documents Requested In The RAK Subpoena. ..................................................................... 50

        2.    The RAK Subpoena Does Not Seek Any Emails Protected By The Attorney-Client Privilege. ............................................. 52

IV.   ISSUE NO. 2: REQUEST FOR SANCTIONS ................................. 53

    A.    PLAINTIFF'S CONTENTIONS ............................................... 53

        1.    Defendants Should be Sanctioned for Seeking the Production of Irrelevant, Private, Personal Emails from Non-Parties ................ 53

B.      DEFENDANT'S CONTENTIONS ................................................................ 54

V.    CONCLUSIONS: ................................................................................................ 54

A.      PLAINTIFF'S CONCLUSION ................................................................. 54

B.      DEFENDANTS' CONCLUSION ............................................................. 54

CASE NO.: CV 13-2942 ABC (SSx)         ii

JOINT STIPULATIONN REGARDINNG PLAINTIFF'S MOTION TO
QUASH DEFENDDANTS' SUBPOENA TO RUSS, AUGUST &
KABATE FOR PRODUCTION OF THIRD PARTY EMAILS

1

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989)......5

*Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112 (9th Cir. 2005)..................................................................................................................4

*Food Lion v. United Food & Comm'l Workers Union*, 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997)..................................................................................................................22

*In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004)...............5, 24

*Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977) ......................................................4

*Matter of Hawaii Corp.* 88 FRD 518, 524 (D Hi 1980)....................................................24

*Miller v. Federal Express Corp.* 186 FRD 376, 384  (WD  TN 1999) ............................24

*Mintz v. Mark Bartelstein and Associates Inc.*, 906 F.Supp.2d 1017, 1033 (C.D.Cal. 2012)...............................................................................................................5, 22

*United States v. Rowe,* 96 F.3d 1294, 1296-1297 (9th Cir. 1996)................................4, 24

**Statutes**

Federal Rule of Civil Procedure 26(b)(3) ....................................................................4, 24

TO THIS HONORABLE COURT:

Plaintiff ORIT ARFA ("ARFA" or "Plaintiff") and Defendant ZIONIST ORGANIZATION OF AMERICA and MORTON KLEIN ("the ZOA" or "Defendants"), by and through their respective counsel of record, hereby submit this Joint Stipulation pursuant to Local Rule 37-2 in connection with Plaintiff's Motion to Quash Defendants' subpoena to non-party law firm Russ, August & Kabat, LLP seeking the production of Plaintiff's private emails, non-party emails of Steven Goldberg, Esq. and attorney work-product and attorney-client communications of The Altman Law Group as follows:

I.   **INTRODUCTIONS:**

A.   **PLAINTIFF'S INTRODUCTORY STATEMENT**

This motion addresses an overbroad and improper subpoena that Defendants have served in an effort to obtain irrelevant, private and even privileged e-mails.  Defendants' subpoena seeks the sweeping production, without any discernible limitation, of Plaintiff's private and personal emails, private emails with Steven Goldberg, Esq., and private, work-product, attorney-client communications with The Altman Law Group going back to January 1, 2010 and other communications going back to January 1, 2009 – nearly three years before Plaintiff began working at Defendant ZOA or had any contact with Defendant Klein.  Setting aside all issues relating to the right of privacy, attorney client privilege and the work product doctrine, Defendants' subpoena is remarkably overbroad.

The original date for production was February 27, 2014, which was extended by stipulation to March 6, 2014, to permit the parties to meet and confer and to permit Plaintiff to file a Motion to Quash. On February 11, 2014, Plaintiff's counsel sent a meet and confer letter to Defendants' counsel highlighting Plaintiff's objections to the Russ, August Subpoena and requesting that the subpoena be withdrawn or Plaintiff would be forced to file a Motion to Quash.

The subpoena impermissibly seeks the production of documents which are protected by The Right of Privacy, the Attorney-Client Privilege and Attorney Work-Product protections under federal and California law.  Specifically, Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20  impermissibly seek the production of emails which include attorney-client communications and/or attorney work-product between The Altman Law Group, plaintiff and attorneys with Russ, August and Kabat. [See *United States v. Rowe,* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112 (9th Cir. 2005);  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977).]

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).]  Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need for the materials" and "undue hardship in obtaining the substantial equivalent of the materials by other means." See Fed.R.Civ.P. 26(b)(3).  The work product doctrine would also preclude discovery of email and other materials between our client and others that were prepared in anticipation of litigation.

Also, the subpoena seeks irrelevant, personal emails, deleted emails, and private, confidential emails unrelated to this case of Plaintiff Orit Arfa, Steven Goldberg, Esq. and/or The Altman Law Group protected from production by the Right of Privacy and *Penal Code* section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.*, 906 F.Supp.2d 1017, 1033 (C.D.Cal. 2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

1    Additionally, the requests are extremely overbroad and seek private, personal

2    emails unrelated to this case, for example, they are not even limited to those emails where

3    the ZOA or Mr. Klein are mentioned in the body of the emails.

4    Plaintiff requests that a Motion to Quash be granted on grounds that the subpoena

5    to non-party Russ, August and Kabat impermissibly seeks the production of private,

6    personal emails protected by the Right of Privacy and attorney work-product doctrine and

7    attorney-client communications privilege.

8    Plaintiff began working at the ZOA on October 24, 2011.  She was fired from the

9    ZOA on November 19, 2012.  This lawsuit was filed in state court on March 25, 2013.

10   At the time she was fired, she was assured that the Defendants would not access her

11   personal email.  See Declarations of Orit Arfa, Steven M. Goldberg and Carmelithe Arfa

12   filed in Plaintiff's Joint Stipulation Re: Defendants' Motion to Compel Review of Hard

13   Drive Containing Plaintiff's Gmails, Documents 85-5, 85-7, 85-4, respectively.

14   Defendants are seeking by way of the subpoena at issue, among other things, all

15   emails between her and Steven Goldberg, Esq., regardless of the content, between

16   January 1, 2010 and the present and all emails from plaintiff and Loren Beck, Esq. going

17   back to January 1, 2009.  Plaintiff and Mr. Goldberg have maintained a friendship and

18   have communicated about personal matters that have no connection or relevance to the

19   Defendants or this litigation.  See Declaration of Orit Arfa, ¶3; Declaration of Steven M.

20   Goldberg, ¶3.  Defendants are also seeking all communications between Bryan Altman

21   and employees of his firm and Mr. Goldberg.  In addition to having a personal friendship,

22   Plaintiff's counsel has represented Mr. Goldberg in an unrelated matter and has sought

23   Mr. Goldberg's legal advice on unrelated matters.  (*See* Declaration of Bryan C. Altman,

24   ¶ 5; Declaration of Steven M. Goldberg, ¶ 4.)

25   Defendants are seeking to obtain, by way of subpoena of Russ, August & Kabat,

26   Arfa's personal emails that Defendants already obtained through their illegal conduct

27   which is the subject of a pending state court action.  Even worse, they are employing this

28

1    tactic through the guise of a shotgun subpoena that exceeds any relevant time period and

2    is not limited to the issues in this lawsuit.

3

4        **B.    DEFENDANTS' INTRODUCTORY STATEMENT**

5            Plaintiff's motion to quash the subpoena issued to third-party Russ, August and

6    Kabat ("RAK Subpoena") evidences Plaintiff's continued efforts to thwart Defendants'

7    ability to obtain legitimate and relevant discovery.   As discussed in more detail in

8    Defendants' portions of the Joint Stipulation regarding Defendants' records subpoena to

9    third-party Google, Inc., Plaintiff has gone to great lengths to impede Defendants'

10   legitimate efforts to obtain relevant information to which they are entitled.   The reason

11   for Plaintiff's stonewalling tactics is apparent: the instant litigation is a scheme

12   orchestrated by Plaintiff and Steven Goldberg to oust Defendant Morton Klein from his

13   position as National President of the ZOA and replace him with Goldberg.   Plaintiff and

14   Goldberg considered Plaintiff's lawsuit would bolster Goldberg's bid for the ZOA

15   presidency or, at a minimum, harm the ZOA under Klein's leadership.

16           Plaintiff's counsel of record in this action is The Altman Law Group.   Plaintiff's

17   lead counsel of record is Bryan Altman, Esq.  Joel Elkins also was an attorney with The

18   Altman Law Group and counsel of record for Plaintiff in this action until in or around

19   January 2014, when he retired from the practice of law and therefore ceased representing

20   Plaintiff.

21           Goldberg is, and at all times relevant herein was, a member of the ZOA's National

22   Board of Directors and the ZOA's National Vice Chairman.   He also was and is

23   Plaintiff's "friend," and he was instrumental in recruiting Plaintiff to begin working for

24   the ZOA in 2011.   Although Goldberg has been a practicing attorney for many years, he

25   at no time relevant herein was (and, to Defendants' knowledge, never has been)

26   Plaintiff's attorney or legal representative.   Until recently, Goldberg was a partner with

27   the law firm Russ, August and Kabat, the third party to whom the RAK Subpoena was

28

issued.  For a period of time in or around 2012, Goldberg served as an attorney for the ZOA in defense of litigation brought by a former ZOA employee.

Loren Beck also is a practicing attorney and, like Goldberg, previously was an attorney with Russ, August and Kabat.  Beck is affiliated with the Century City Bar Association, where he worked for a period of time with Plaintiff prior to the commencement of her employment with the ZOA.  Also like Goldberg, for a period of time in or around 2012, Beck served as an attorney for the ZOA in defense of (the same) litigation brought by a former ZOA employee.   Beck currently acts as Goldberg's attorney with respect to the instant litigation.[1]

In response to requests for admission propounded by Defendants to Plaintiff, Plaintiff admitted she "deleted documents from her oritarfa@gmail.com account after October 24, 2011" and further admitted she "double-deleted documents from her oritarfa@gmail.com account after October 24, 2011."  In these same responses, Plaintiff also admitted that she "deleted" and "double-deleted" documents from her "oarfa@zoa.org account after October 24, 2011."  Plaintiff stated, however, that she "does not have specific memory of [the] documents" she deleted and/or double-deleted. (Hodur Decl., ¶ 3; Exh. B.)  As such, the only means by which Defendants potentially can obtain documents Plaintiff admittedly deleted and double-deleted from her oritarfa@gmail.com and oarfa@zoa.org accounts is by issuing records subpoenas to third parties Google, Inc. and Russ, August and Kabat.

In response to requests for production propounded to Plaintiff by Defendants, Plaintiff repeatedly has resisted producing responsive documents.  Plaintiff has taken the

---

[1] On September 23, 2013, during the deposition of Plaintiff in this action, Defendants' counsel learned that Plaintiff's counsel had communicated with Goldberg about certain matters in this litigation.  On or about September 26, 2013, Defendants moved *ex parte* to disqualify The Altman Law Group pursuant to California Rule of Professional Conduct 2-100.  (Docket No. 39.)  Rule 2-100 states, in part: "(A) While representing a client, a member shall not communicate directly or indirectly about the subject matter of the representation with a party . . . (B) For purposes of this rule, a 'party' includes. . . [a] director . . of a corporation or association. . . ."  Defendants' counsel provided notice of Defendants' intent to make this *ex parte* motion in a telephone call in which Plaintiff's counsel indicated only that Plaintiff would oppose Defendants' motion.  Upon receipt of Plaintiff's opposition to Defendants' *ex parte* application, Defendants and their counsel learned for the first time, through a declaration submitted by Beck in support of Plaintiff's opposition, that Goldberg was represented by Beck, including with respect to the instant litigation.  (Hodur Decl., ¶ 2.)

position that she is unable produce documents responsive to Defendants' requests because she no longer is in possession, custody or control of such document as a result of her deletion and double-deletion of documents.  (Filla Decl., ¶¶ 18-21; Exhs. F, G, H.)

Despite the fact that Plaintiff's own actions necessitated the issuance of the RAK Subpoena, Plaintiff continues her efforts to impede Defendants' ability to obtain relevant documents to which they are entitled.   Plaintiff served boilerplate and inapplicable objections to the RAK Subpoena and threatened to file the instant motion to quash. (*See* Exh. "D" to Altman Decl.)   The parties met and conferred in connection therewith. Defendants participated in the meet-and-confer process in good faith. Despite the unmeritorious nature of Plaintiff's boilerplate objections, in the spirit of compromise and in an effort to avoid the necessity of judicial intervention, Defendants' counsel proposed certain limiting terms to narrow the scope of the documents requested by the RAK Subpoena and advised Plaintiff's counsel she would confer with Defendants regarding those and potential other terms and propose such terms to Plaintiff after consultation with Defendants.   (Hodur Decl., ¶¶ 4-8, 10.)   Plaintiff's counsel agreed to consider Defendants' proposed terms and stated he needed to further evaluate Plaintiff's work product objections to the RAK Subpoena, and would follow up with Defendants' counsel once he had done so. (Hodur Decl., ¶ 9.)  Plaintiff's investment in the meet-and-confer process, however, apparently was disingenuous, as evidenced by the fact that before awaiting Defendants proposal as to narrowing the scope of the RAK Subpoena (again, despite the unmeritorious nature of Plaintiff's objections), and without following up regarding Plaintiff's baseless work product objections, Plaintiff prematurely served Defendants with her portion of this Joint Stipulation. (Hodur Decl., ¶ 11.)

Most of bases on which Plaintiff seeks to quash the RAK Subpoena are *per se* impermissible because a party has no standing to quash a subpoena served upon a third party, except as to privacy or privilege relating to the documents being sought.  As such, the only objections the Court should even consider in Plaintiff's motion are those based on the attorney-client privilege, work product privilege, and right of privacy.   As

discussed in detail below, however, Plaintiff has failed to establish grounds for quashing the RAK Subpoena based on these objections either.  Plaintiff's motion therefore should be denied.

## II.    ISSUE 1:  THE DISCOVERY REQUESTS IN DISPUTE

Pursuant to Local Rule 37-2.1, the relevant discovery requests and responses are as follows:

Plaintiff ORIT ARFA and non-party THE ALTMAN LAW GROUP respectfully object pursuant to Federal *Rule of Civil Procedure 45, et seq.*, to Defendants' Subpoena and Attachment to Subpoena with Document Requests to the custodian of records for Non-party Russ, August and Kabat, 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025, as follows:

## GENERAL OBJECTIONS

Responding party generally objects to the Subpoena and Document Requests to the extent that it purports to impose obligations in excess of those required by FRCP 45. Responding party asserts the following objections to the Subpoena and Document Requests as follows:

1.    **Relevancy:**  Responding Party's literal compliance and production of all information demanded by Defendant would necessarily include disclosure of documents and information, which are neither relevant nor material to this litigation, nor reasonably calculated to lead to the discovery of relevant, material information, and/or admissible evidence, regarding facts and occurrences, which have little or no relationship whatsoever to the issues at hand, or even a colorable relationship to this litigation.

2. **Privilege:** Responding Party objects to each Demand for Production of Documents to the extent that they seek information and/or documentation protected by the attorney-client privilege. Responding Party further objects to each and every Demand for Production of Documents to the extent each demand seeks to discover documents or information protected by the attorney work-product doctrine. Counsel for Responding Party, to the extent that the attorney-client and/or work-product privileges belong to them and not to Responding Party, also join in this objection. Responding Party further objects to each and every Demand for Production of Documents to the extent they would require production of documents or electronic data, which pertain to correspondence or other communications between Responding Party and counsel. Responding Party will not produce any such documents or electronic data.

3. **Burden and Oppression**: Responding Party objects on the grounds that each Demand for Production of Documents is burdensome, oppressive, overbroad, and causes Responding Party unwarranted annoyance, embarrassment, and undue expense. Responding Party demands reimbursement for the reasonable expense of translating any data compilations responsive to a Demand for Production of Documents into reasonably usable form.

4. **Privacy**: Responding Party objects to each Demand for Production of Documents to the extent each demand seeks the disclosure of information regarding confidential emails, confidential financial information, confidential personal information, or other information protected under the right to privacy provided by Article I, Section 1

of the California Constitution, statutory rights to privacy, and common-law privileges pertaining to the disclosure of personal emails, confidential financial information, tax returns, schedules, and related documentation.

5.     **Confidential and Privileged Medical Information**:   Responding Party generally objects to each and every Demand for Production of Documents insofar as they purport to require Responding Party to furnish information in her possession, if such would require the divulgence of confidential personal or financial information or communications, and/or privileged medical and therapists records.  Responding Party will not produce such documents until such time, if ever, as an appropriate protective order is in place or such production is compelled by law, subject to a protective order requiring the execution of a confidentiality agreement affidavit prior to disclosure.

6.     **Vague, Ambiguous and Overbroad**:     Responding Party objects to the Demand for Production of Documents as vague, ambiguous, and overbroad.  Responding Party further objects to each Demand for Production of Documents as vague as to time, where the Demand for Production of Documents fails to provide any date limits or time frame.

7.     **Category Particularity**:   Responding Party objects to each demand because it fails to specify the materials or category of materials to be produced with "reasonable particularity."  Here, each category description is so broad that Responding Party cannot reasonably identify the documents to be produced.

The foregoing General Objections apply to each and every objection to each definition and Document Demand included in the subpoena, and are incorporated by reference to the extent applicable in each of the specific objections set forth below as though fully set forth therein.  The failure to mention one of the foregoing objections in any of the specific responses set forth below shall not be deemed a waiver of such objections.

## PLAINTIFF ORIT ARFA'S OBJECTIONS TO DOCUMENT REQUESTS ATTACHED TO SUBPOENA

### DOCUMENT REQUEST NO. 1:

All communications including but not limited to emails and written correspondence between Steven Goldberg, Esq. (former partner at Russ August and Kabat) and Orit Arfa between the dates January 1, 2010 to the Present.


### OBJECTIONS TO DOCUMENT REQUEST NO. 1:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to respond as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.


Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. [personal emails of

plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 2:

All documents including but not limited to emails between Steven Goldberg, Esq. (former partner at Russ August and Kabat) to and/or from the email address sgoldberg@raklaw.com and Orit Arfa to and/or from the email address oritarfa@gmail.com between the dates January 1, 2010 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 2:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable.  [See *Cent. Valley*

*Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 3:**

      All documents including but not limited to emails between Steven Goldberg, Esq. (former partner at Russ August and Kabat) to and/or from the email address sgoldberg@niklaw.com and Orit Aria to and/or from the email address oarfa@Zoa.org between the dates January 1, 2010 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 3:**

      Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

      Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable. [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 4:**
All documents or other evidence referring to, relating to, or reflecting the deletion or destruction of any communications (including, but not limited to emails and written correspondence) between Steven Goldberg, Esq. and Orit Aria between the dates January 1,2010 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 4:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation

of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable.  [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 5:**

All documents, including electronic versions of or electronically stored data, reflecting all emails deleted from the sgoldberg@raklaw.com email account to and/or from the Google email address oritarfa@gmail.com between the dates January 1, 2010 and the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 5:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable.  [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 6:**

All documents, including electronic versions of or electronically stored data, reflecting all emails deleted from the sgoldberg@raklaw.com email account to and/or from the email address "oarfa@zoa.org" between the dates January 1, 2010 and the Present.

CASE NO.: CV 13-2942 ABC (SSx)                    16                    JOINT STIPULATIONN REGARDINNG PLAINTIFF'S MOTION TO QUASH DEFENDDANTS' SUBPOENA TO RUSS, AUGUST & KABAT FOR PRODUCTION OF THIRD PARTY EMAILS

**OBJECTIONS TO DOCUMENT REQUEST NO. 6:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable. [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 7:**

All communications including but not limited to emails and written correspondence between Steven Goldberg, Esq. (former partner at Russ August and Kabat) and Bryan Altman between the dates January 1, 2010 to the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 7:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents

and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

**DOCUMENT REQUEST NO. 8:**

All communications including but not limited to emails and written correspondence between Steven Goldberg, Esq. (former partner at Russ August and Kabat) and Joel Elkins between the dates January 1, 2010 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 8:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 9:

All communications including but not limited to emails and written correspondence between Steven Goldberg, Esq. (former partner at Russ August and Kabat) and any attorney or employee of The Altman Law Group between the dates January 1, 2010 to the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 9:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of

plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 10:

All documents, including electronic versions of or electronically stored data, reflecting all emails deleted from the sgoldberg@raklaw.com email account to and/or from any attorney or employee of The Altman Law Group, including but not limited to Bryan Altman and Joel Elkins between the dates January 1,2010 and the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 10:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of

substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

**DOCUMENT REQUEST NO. 11:**

All communications including but not limited to emails and written correspondence between Loren Beck, Esq. (former attorney at Russ August and Kabat) and Orit Arfa between the dates January 1, 2009 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 11:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client

privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

**DOCUMENT REQUEST NO. 12:**

All documents including but not limited to emails between Loren Beck, Esq. (former attorney at Russ August and Kabat) to and/or from the email address lbeck@raklaw.com and Orit Arfa to and/or from the email address oritarfa@gmail.com between the dates January 1,2009 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 12:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502. The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation

of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 13:

All documents including but not limited to emails between Loren Beck, Esq. (former attorney at Russ August and Kabat) to and/or from the email address lbeck@raklaw.com and Orit Arfa to and/or from the email address oarfa@Zoaorg between the dates January 1,2009 to the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 13:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

1    Responding party objects to each demand for production on grounds that they seek
2    information protected by California's right of privacy in Article I, Section 1 of the
3    California Constitution and *Penal Code* section 502.  The right of privacy prevents the
4    disclosure of private, confidential and personal email information. [personal emails of
5    plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right
6    of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates*
7    *Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation
8    of privacy in his personal emails, as required to support claim against former employer
9    for violation of his right to privacy under California Constitution based on employer
     hacking into his personal email account.]
10

11    Responding party objects to each document request to the extent that it seeks
12    information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d
13    1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client
14    privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104,
15    1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]
16

17    Responding party objects to each document request to the extent that it seeks
18    information protected by attorney work-product protections. The work product doctrine,
19    codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents
20    and tangible things prepared by a party or his representative in anticipation of litigation.
21    [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing
22    *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).]
23    Such documents may only be ordered produced upon an adverse party's demonstration of
24    substantial need for the materials and undue hardship in obtaining the substantial
25    equivalent of the materials by other means.
26

27    **DOCUMENT REQUEST NO. 14:**
28

CASE NO.: CV 13-2942 ABC (SSx)          26          JOINT STIPULATIONN REGARDINNG PLAINTIFF'S MOTION TO
                                                     QUASH DEFENDDANTS' SUBPOENA TO RUSS, AUGUST &
                                                     KABAT FOR PRODUCTION OF THIRD PARTY EMAILS

1   All documents or other evidence referring to, relating to, or reflecting the deletion or
2   destruction of any communications (including, but not limited to emails and written correspondence) between Loren Beck, Esq. and Orit Arfa between the dates January
3   1,2009 to the Present.

4   **OBJECTIONS TO DOCUMENT REQUEST NO. 14:**

5   Responding party objects to each document demand on grounds that it is overly

6   broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the

7   demands for production seek voluminous documentary and electronic records which are

    irrelevant and unrelated to this action.
8

9   Responding party objects to each demand for production on grounds that they seek

10  information protected by California's right of privacy in Article I, Section 1 of the

11  California Constitution and *Penal Code* section 502.  The right of privacy prevents the

12  disclosure of private, confidential and personal email information. Personal emails of

13  plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right

14  of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates*

15  *Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation

16  of privacy in his personal emails, as required to support claim against former employer

17  for violation of his right to privacy under California Constitution based on employer

18  hacking into his personal email account.]

19
20  Responding party objects to each document request to the extent that it seeks

21  information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d

22  1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client

23  privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104,

    1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]
24

25  Responding party objects to each document request to the extent that it seeks

26  information protected by attorney work-product protections. The work product doctrine,

27  codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents

28  and tangible things prepared by a party or his representative in anticipation of litigation.

1  [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing

2  *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).]

3  Such documents may only be ordered produced upon an adverse party's demonstration of

4  substantial need for the materials and undue hardship in obtaining the substantial

5  equivalent of the materials by other means.

6  **DOCUMENT REQUEST NO. 15:**

7        All documents, including electronic versions of or electronically stored data,

8  reflecting all emails deleted from the lbeck@raklaw.com email account to and/or from

9  the Google email address oritarfa@gmal.com between the dates January 1, 2009 and the

10 Present.

11

12 **OBJECTIONS TO DOCUMENT REQUEST NO. 15:**

13       Responding party objects to each document demand on grounds that it is overly

14 broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the

15 demands for production seek voluminous documentary and electronic records which are

16 irrelevant and unrelated to this action.

17

18       Responding party objects to each demand for production on grounds that they seek

19 information protected by California's right of privacy in Article I, Section 1 of the

20 California Constitution and *Penal Code* section 502.  The right of privacy prevents the

21 disclosure of private, confidential and personal email information. Personal emails of

22 plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right

23 of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates

24 Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation

25 of privacy in his personal emails, as required to support claim against former employer

26 for violation of his right to privacy under California Constitution based on employer

27 hacking into his personal email account.]

28

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 16:

All documents, including electronic versions of or electronically stored data, reflecting all emails deleted from the email lbeck(a),raklaw.com account to and/or from the email address "oarfa@Zoa.org" between the dates January 1, 2009 and the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 16:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the

disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to this document request on grounds that it fails to specify the materials or category of materials to be produced with reasonable particularity. [See FRCP 34(b) ; *SEC v. American Beryllium & Oil Corp.* 47 F.R.D. 66 (SD NY 1968).]

Responding Party objects to this document request on grounds that it fails to seek documents which are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence and seeks documents which are too remote or speculative to any subject matter in this case to be discoverable.  [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon,* 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union,* 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]

**DOCUMENT REQUEST NO. 17:**

All communications including but not limited to emails and written correspondence between Loren Beck, Esq. (former attorney at Russ August and Kabat) and Bryan Altman between the dates January 1, 2010 to the Present.

**OBJECTIONS TO DOCUMENT REQUEST NO. 17:**

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the

demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

1

2

**DOCUMENT REQUEST NO. 18:**

3        All communications including but not limited to emails and written

4   correspondence between Loren Beck, Esq. (former attorney at Russ August and Kabat)

5   and Joel Elkins between the dates January 1,2010 to the Present.

6

7

**OBJECTIONS TO DOCUMENT REQUEST NO. 18:**

8        Responding party objects to each document demand on grounds that it is overly

9   broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the

10  demands for production seek voluminous documentary and electronic records which are

11  irrelevant and unrelated to this action.

12

13       Responding party objects to each demand for production on grounds that they seek

14  information protected by California's right of privacy in Article I, Section 1 of the

15  California Constitution and *Penal Code* section 502.  The right of privacy prevents the

16  disclosure of private, confidential and personal email information. Personal emails of

17  plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right

18  of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates*

19  *Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation

20  of privacy in his personal emails, as required to support claim against former employer

21  for violation of his right to privacy under California Constitution based on employer

22  hacking into his personal email account.]

23

24       Responding party objects to each document request to the extent that it seeks

25  information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d

26  1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client

27  privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104,

28  1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 19:

All communications including but not limited to emails and written correspondence between Loren Beck, Esq. (former attorney at Russ August and Kabat) and any attorney or employee of The Altman Law Group between the dates January 1,2010 to the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 19:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates*

*Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

## DOCUMENT REQUEST NO. 20:

All ,documents, including electronic versions of or electronically stored data, reflecting all emails deleted from the lbeck@raklaw.com email account to and/or from any attorney or employee of The Altman Law Group, including but not limited to Bryan Altman and Joel Elkins between the dates January 1, 2010 and the Present.

## OBJECTIONS TO DOCUMENT REQUEST NO. 20:

Responding party objects to each document demand on grounds that it is overly broad, burdensome, harassing, and causes an undue expense to answer as phrased, as the demands for production seek voluminous documentary and electronic records which are irrelevant and unrelated to this action.

Responding party objects to each demand for production on grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502.  The right of privacy prevents the disclosure of private, confidential and personal email information. Personal emails of plaintiff Orit Arfa and/or The Altman Law Group protected from production by the Right of Privacy and Penal Code section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal.,2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Responding party objects to each document request to the extent that it seeks information protected by the attorney-client privilege. [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112;  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

Responding party objects to each document request to the extent that it seeks information protected by attorney work-product protections. The work product doctrine, codified in Federal *Rule of Civil Procedure* 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of

substantial need for the materials and undue hardship in obtaining the substantial equivalent of the materials by other means.

III.   **ISSUE 1: THIS COURT SHOULD QUASH THE SUBPOENA TO RUSS, AUGUST & KABAT WHICH SEEKS THE PRODUCTION OF IRRELEVANT EMAILS, PERSONAL, PRIVATE EMAILS AND ATTORNEY WORK-PRODUCT AND ATTORNEY/CLIENT COMMUNICATIONS**

A.   **PLAINTIFF'S CONTENTIONS:**

1.   **The Russ, August & Kabat Subpoena Seeks Irrelevant Documents Which are Unrelated to This Case.**

Request Nos. 1-20 seek irrelevant, personal emails, deleted emails, and private, confidential emails unrelated to this case of Plaintiff Orit Arfa, Steven Goldberg, Esq. and/or The Altman Law Group protected from production by the Right of Privacy and *Penal Code* section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.*, 906 F.Supp.2d 1017, 1033 (C.D.Cal. 2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Additionally, the requests are extremely overbroad as to the requested time period and seek private, personal emails unrelated to this case going back to January 1, 2009 (Request Nos. 11-16) and January 1, 2010 (Request Nos. 1-10, 17-20).  Plaintiff objected on grounds that the subpoena seeks documents and electronically stored data which are not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence and seek documents which are too remote or

speculative to any subject matter in this case to be discoverable.  [See *Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon*, 2006 U.S. Dist. LEXIS 48892, 18 (E.D. Cal. July 7, 2006) citing *Food Lion v. United Food & Comm'l Workers Union*, 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).]  For example, they are not even limited to those emails where the ZOA or Mr. Klein are mentioned in the body of the emails.   Subpoena Document Request Nos. 1-6 seek all emails existing, referencing or deleted between Plaintiff and non-party Steven Goldberg, Esq., which include personal emails protected by the Right of Privacy and emails whose subject matter is unrelated to this case going back to January 1, 2010 which are not reasonably calculated to lead to relevant and/or admissible evidence.

## 2.    The Russ, August & Kabat Subpoena Seeks Emails Protected from Discovery by the Right of Privacy.

Request Nos. 1-20 seek irrelevant, personal emails, deleted emails, and private information of plaintiff Orit Arfa, Steven Goldberg, Esq., and/or The Altman Law Group going back to January 1, 2010 protected from production by the Right of Privacy and *Penal Code* section 502. [See *Mintz v. Mark Bartelstein and Associates Inc.,* 906 F.Supp.2d 1017, 1033 (C.D.Cal. 2012) - [Plaintiff] had reasonable expectation of privacy in his personal emails, as required to support claim against former employer for violation of his right to privacy under California Constitution based on employer hacking into his personal email account.]

Additionally, the requests are extremely overbroad and seek private, personal emails unrelated to this case, for example, they are not even limited to those emails where the ZOA or Mr. Klein are mentioned in the body of the emails.

1   Subpoena Document Request Nos. 1-6 seek all emails existing, referencing or

2   deleted between Plaintiff and non-party Steven Goldberg, Esq., from January 1, 2010 to

3   the present, which include personal emails protected by the Right of Privacy and emails

4   whose subject matter is unrelated to this case.  Subpoena Document Request Nos. 7, 8, 9,

5   and 10 seek private, personal, confidential emails between Steven Goldberg, Esq., Bryan

6   Altman, The Altman Law Group and Joel Elkins going back to January 1, 2010.

7   Document Request Nos. 11-20 seek private, confidential emails between plaintiff, Loren

8   Beck, Esq. (former attorney at Russ August and Kabat) from her personal email and ZOA

9   email accounts, and between Loren Beck, Esq. and Bryan Altman/ Joel Elkins, and any

10   attorney from The Altman Law Group from January 1, 2009 and January 1, 2010.

11   Pursuant to California and Federal case regarding the Right of Privacy,

12   Defendants must demonstrate a compelling need for this information and that the requests

13   are limited and narrowly tailored to only directly relevant information in this case. A

14   showing of compelling need and clear relevance is required for discovery. [See *Matter of*

15   *Hawaii Corp.* 88 FRD 518, 524 (D Hi 1980), See also *Miller v. Federal Express Corp.*

16   186 FRD 376, 384  (WD  TN 1999)—because of the privacy interests involved, private

17   records "should not be ordered produced except upon a compelling showing of

18   relevance."]

19

20

21   **3.   The Russ, August & Kabat Subpoena Seeks Emails Protected**

        **from Discovery by Attorney Work-Product Protections.**

22

23

24   Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20  impermissibly

25   seek the production of emails which include attorney-client communications and/or

26   attorney work-product between The Altman Law Group, plaintiff and attorneys with

27   Russ, August and Kabat. [See *United States v. Rowe,* 96 F.3d 1294, 1296-1297 (9th Cir.

28   1996) - fact finding activities protected by attorney-client privilege; *Barton v. United*

*States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112; *Matter of Fischel* 557 F. 2d 209, 211 (9th Cir. 1977).]   The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." [See *In re Grand Jury Subpoena (Mark Torf)* 357 F.3d 900, 906 (9th Cir. 2004) citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).] Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need for the materials" and "undue hardship in obtaining the substantial equivalent of the materials by other means." See Fed.R.Civ.P. 26(b)(3).  The work product doctrine would also preclude discovery of email and other materials between our client and others that were prepared in anticipation of litigation.

### 4.   The Russ, August & Kabat Subpoena Seeks Emails Protected by the Attorney-Client Privilege.

Plaintiff has objected on the basis of attorney-client privilege to Request Nos. 11, 12, 13, 14,  15, 16, 17, 18, 19, and 20 which seek the production of attorney client communications between plaintiff,  Loren Beck, Esq. (former attorney at Russ, August and Kabat),  Bryan C. Altman, Esq., Joel Elkins, Esq. and any attorney with The Altman Law Group.  These requests also seek irrelevant documents and electronically stored data unrelated to this case going back to January 1, 2009 (Request Nos. 11-16) and January 1, 2010 (Request Nos. 17-20).

Plaintiff also objected to Request Nos. 7 and 9 to the extent that it seeks information protected by the attorney-client privilege between Steven Goldberg, Esq. and Bryan C. Altman, Esq. and/or The Altman Law Group going back to January 1, 2010.

Goldberg and Altman object to the production of attorney/client communications between themselves regarding attorney/client matters that existed prior to the filing of this case, unrelated to this case.  [See *United States v. Rowe* 96 F.3d 1294, 1296-1297 (9th Cir. 1996) - fact finding activities protected by attorney-client privilege; *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* 410 F. 3d 1104, 1106-1112 (9th Cir. 2005);  *Matter of  Fischel* 557 F. 2d 209, 211 (9th Cir. 1977). ]

## B.   **DEFENDANTS' CONTENTIONS**

### 1.   **The Court Should Reject Plaintiff's Arguments Based On Relevance And Overbreadth**

#### a.   **Plaintiff Lacks Standing To Seek To Quash The RAK Subpoena On The Basis Of Relevance Or Any Basis Other Than Privilege or Privacy.**

Plaintiff lacks standing to seek to quash the RAK on the basis of relevance. Specifically, because Defendants' subpoena is directed to a third-party, Plaintiff has no legitimate grounds for moving to quash based on purported lack of relevance or, in fact, any other asserted basis other than privilege or privacy (*e.g.* overly broad, burdensome, harassing, undue expense, failure to identify materials to be produced with specificity). *See Kamalu v. Walmart Stores, Inc.* (E.D. Cal. Aug. 15, 2013) 2013 U.S. Dist. LEXIS 116590, * 2-3.  Although the court in *Kamalu* acknowledged that "[a] party may move to quash a subpoena where the party has a privacy interest in the documents sought," the court explained:

> "Federal Rule of Civil Procedure 45(c)(3) sets forth the limited reasons for which a subpoena can be quashed. ***Unless the party claims a personal right or privilege in regards to the documents sought, a party in an action has no standing to seek to quash a subpoena served on a third party.***  [citations omitted.]

*Id.* at *3 (emphasis added).  *See also Deployment Medicine Consultants, Inc. v. Pipes* (S.D. Cal. Mar. 2, 2011) 2011 U.S. Dist. LEXIS 20568 ,* 4-5 ("The general rule is that ***a party has no standing to quash a subpoena served upon a third party, except as to privilege relating to the documents being sought***") (quoting *Windsor v. Martindale* (D. Colo. 1997) 175 F.R.D. 665, 668) (emphasis added).  As such, Plaintiff's relevance-based argument for quashing the RAK Subpoena fails as a matter of law.

          **b.**        <u>**Even If Plaintiff Had Standing To Seek To Quash The RAK Subpoena On Relevance Grounds, The Requests Set Forth In The RAK Subpoena Seek Documents Relevant To This Case.**</u>

Even if Plaintiff had standing to seek to quash the RAK Subpoena on relevance grounds (which she does not), the requests set forth in the RAK Subpoena seek materials that are relevant to this action.  Communications between Plaintiff and Goldberg, as well as documents reflecting deletion of such communications, are relevant to and/or reasonably calculated to lead to the discovery of admissible evidence with respect to Defendants' position that Plaintiff's litigation is a carefully orchestrated scheme between Plaintiff and Goldberg, a disgruntled ZOA board member, to oust Klein as ZOA President and bolster Goldberg's bid for the ZOA presidency, garner a monetary settlement for Plaintiff, and, at a minimum, harm the ZOA under Klein's leadership.

Moreover, Plaintiff has admitted to deleting and double-deleting emails, the nature of which she cannot recall, from her Gmail and ZOA email accounts. (Hodur Decl., ¶ 3; Exh. B.)   There is no telling how many relevant emails Plaintiff deleted and/or double-deleted from these accounts. To the extent Russ, August and Kabat has relevant communications between Plaintiff and Goldberg, which Plaintiff deleted and/or double-deleted and with respect to which Plaintiff therefore no longer has possession, custody, or control, Defendants are entitled to obtain any such relevant emails through issuance of the lawful RAK Subpoena.  The same holds true with respect to documents reflecting deleted communications between Plaintiff and Beck.  Beck worked with Plaintiff at the

Century City Bar Association prior to Plaintiff's employment with the ZOA and, like Goldberg, is a former attorney at RAK.

///

Witness communications also are relevant and subject to discovery.   Thus, Defendants are entitled to discover communications between Goldberg and/or Beck, on the one hand, and current and/or former attorneys and employees of The Altman Law Group, on the other hand.  The same holds true with respect to communications between Plaintiff and Beck.

         c.    **Even If Plaintiff Had Standing To Seek To Quash the RAK Subpoena On The Grounds The Requests Contained Therein Are Overly Broad And/Or Fail To Identify The Materials To Be Produced With Requisite Specificity, The Court Should Reject Any Such Argument.  Defendants Offered To Limit The Scope Of The Requests, But Plaintiff Prematurely Abandoned The Meet-And-Confer Process.**

Even if Plaintiff had standing to seek to quash the RAK Subpoena on grounds other than privilege or privacy (which she does not), her contention that requests in the RAK Subpoena are overly broad and fail to specify with reasonable particularity the materials or categories of materials to be produced nevertheless should be rejected. During the parties' February 19, 2014 meet and confer, Defendants' counsel repeatedly proposed potentially limiting the scope of the requests to documents containing certain key words narrowly tailored to the claims and defenses in this case.  (Hodur Decl., ¶¶ 5-8.)   Plaintiff's counsel agreed during this meet and confer to consider Defendants' proposed limitations upon reviewing Defendants' proposed key words.  (Hodur Decl., ¶¶ 6-10.)

In this regard, the parties expressly discussed continuing the meet and confer process with respect to the RAK Subpoena. Defendants' counsel proposed certain potential terms to narrow the scope of the requests and told Plaintiff's counsel she would consult with Defendants regarding these and other potential narrowly-tailored terms, and would follow up with Plaintiff's counsel thereafter to meet and confer further on the issue.  (Hodur Decl., ¶¶ 5-8.)   Plaintiff's counsel indicated in response that he would

consider Defendants' proposed terms but would with need to review them first to determine whether the parties could reach a compromise.   (Hodur Decl., ¶ 10.) Plaintiff's counsel also indicated he had to analyze and conduct further research regarding Plaintiff's work product objections and would follow up with Defendants' counsel thereafter. ***Thus, the parties clearly were in the midst of the meet and confer process when Plaintiff inexplicably served Plaintiff's portions of the Joint Stipulation without further discussion.*** Rather than following through in this regard and continuing the meet-and-confer process in good faith, Plaintiff proceeded with serving her portions of the instant Joint Stipulation without any further communication with Defendants' counsel. (Hodur Decl., ¶ 11.)

In light of the foregoing, Plaintiff's arguments regarding the purported overbreadth and lack of specificity of the RAK Subpoena should be rejected for at least two reasons (*in addition to the fundamental issue of Plaintiff's lack of standing*): (1) Defendants were and remain willing to narrow the scope of the requests and have formulated proposed limitations on scope to documents containing key words narrowly tailored to this litigation; and (2) Plaintiff's participation in the meet-and-confer process clearly was in bad faith, insofar as Plaintiff's counsel abandoned the process without reason, explanation, or further discussion, and prematurely served Plaintiff's portions of the instant Joint Stipulation.

### 2.   Plaintiff Has Not Established Any Legally Protected Privacy Right To Warrant Quashing The RAK Subpoena.

In her boilerplate objections to RAK Subpoena Requests Nos. 1-20, Plaintiff specifically "objects to each demand for production on the grounds that they seek information protected by California's right of privacy in Article I, Section 1 of the California Constitution and *Penal Code* section 502." Plaintiff relies on *Mintz v. Mark Bartelstein & Assocs.* (2012) 906 F. Supp. 2d 1017, in support of her argument that the Court should quash the RAK Subpoena because "Requests Nos. 1-20 seek irrelevant, personal emails, deleted emails, and private information of plaintiff Orit Arfa, Steven

Goldberg, Esq., and/or the Altman Law Group going back to January 1, 2010 protected from production by the Right of Privacy and *Penal Code* section 502." While *Mintz* is indeed instructive, Plaintiff's reliance on *Mintz* to support her claim of privacy with respect to the RAK Subpoena is patently misguided.

In *Mintz,* the plaintiff filed an action against his former employer and its principal, alleging that after Plaintiff resigned his employment, the defendants engaged in illegal retaliatory conduct that included "acquiring unauthorized access to Plaintiff's personal emails, obtaining confidential information about the terms of Plaintiff's employment with [the plaintiff's new employer], and disclosing this information to third parties." *Mintz,* 906 F.Supp.2d at 1024. It was undisputed in *Mintz* that after the plaintiff's resignation, the defendant-employer's general counsel had instructed another employee to access the plaintiff's web-based Gmail account without the plaintiff's permission; that employee obtained a temporary password to that web-based account without the plaintiff's consent; and he used that password to access the account through the Internet to view (and ultimately disseminate to others) information about the terms of the plaintiff's employment with the plaintiff's subsequent employer, including information regarding the plaintiff's compensation. *Id.* at 1026, 1033.

As Plaintiff contends here, the plaintiff in *Mintz* asserted the unauthorized access to his Gmail account violated his right to privacy under the California Constitution. *Mintz,* 906 F.Supp.2d at 1032. In analyzing this claim, the *Mintz* court explained:

> "To prevail on [a claim for invasion of privacy], Plaintiff must establish '(1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest."

*Id.* at 1032 (quoting *Int'l Fed'n Prof'l & Technical Eng'rs, Local 21, AFL-CIO v. Super. Ct.* (2007) 42 Cal. 4th 319).

The court in *Mintz* <u>did not</u> hold there is a "legally protected privacy interest" in personal email *generally*, but rather found that in that particular case, the plaintiff had a "legally protected interest in the privacy of his employment and financial affairs" which,

1    *based on undisputed facts*, the defendant had accessed by obtaining a temporary

2    password for the plaintiff's Gmail account without the plaintiff's permission and for the

3    specific purpose of viewing such information. *Id.* at 1026, 1033. ***The Mintz court found***

4    ***the plaintiff had a reasonable expectation of privacy in his emails related to his new***

5    ***employment and financial affairs based on*** <u>***specific evidence***</u> ***the plaintiff had presented***

6    ***and the undisputed fact that his former employer had hacked his password-protected***

7    ***web-based personal email account by creating a temporary password to do so***. *Id.*

8          Unlike the plaintiff in *Mintz*, Plaintiff in the present case has failed to demonstrate

9    any legally protected privacy interest in the emails sought.   Plaintiff alleges in her

10   Introductory Statement that Defendants accessed her allegedly "personal emails" through

11   purported "illegal conduct which is the subject of a pending state court action."

12         As a preliminary matter, the fact that Plaintiff has filed an action against

13   Defendants alleging they unlawfully accessed her Gmails is a far cry from the *Mintz*

14   defendants' undisputed conduct.   In stark contrast to the *Mintz* defendants' admitted

15   conduct in hacking the plaintiff's web-based Gmail account by creating a temporary

16   password and with the specific purpose of obtaining personnel and financial information,

17   Defendants in the instant action vehemently dispute the allegations of Plaintiff's frivolous

18   state court action, with respect to which Defendants are seeking dismissal by filing a

19   demurrer and anti-SLAPP motion. (Filla Decl., ¶ 23.)   Also in stark contrast to *Mintz*,

20   Defendants' access to Plaintiff's Gmails in the present case did not involve the use of any

21   passwords and was not a targeted search for personal or financial information, but rather

22   occurred in connection with Defendants' efforts to comply with their discovery

23   obligations to produce documents responsive to Plaintiff's discovery requests.   (Filla

24   Decl., ¶¶ 8-12.)

25         Moreover, ***the court in Mintz found the plaintiff had a legally protected privacy***

26   ***interest in the*** <u>***personnel and financial information***</u> ***the defendants had obtained based***

27   ***on the plaintiff's presentation of*** "<u>***evidence***</u> ***that he had a reasonable expectation of***

28   ***privacy in his personal emails***." Plaintiff here has presented no such evidence.

1   ///

2   ///

3       Instead, Plaintiff's privacy-based argument is based primarily on conclusory and

4   speculative statements and legal conclusions set forth in declarations submitted by

5   Plaintiff, Goldberg, and Plaintiff's counsel Bryan Altman, to wit:

6       •   Plaintiff contends: the subpoena seeks emails between Plaintiff and

7   Goldberg  that "will call for documents far afield from the subject matter of this litigation

8   and that are not reasonably calculated to lead to the discovery of admissible evidence;"

9   the requested information "violates [Plaintiff's] right of privacy as well as that of Steve

10  Goldberg;" Plaintiff and Goldberg are friends and  "communicate by e-mail about

11  numerous matters having nothing to do with this litigation;" and "[a] subpoena that

12  broadly calls for e-mails between [Plaintiff and Goldberg] will sweep up such

13  documents." (*See* Arfa Decl., ¶¶ 2, 3.)

14      •   Goldberg contends: the subpoena seeks emails between Goldberg, on the

15  one hand, and Plaintiff and/or Altman, on the other hand, "will call for documents far

16  afield from the subject matter of this litigation and that are not reasonably calculated to

17  lead to the discovery of admissible evidence;" the requested information "violates

18  [Goldberg's] right of privacy as well as that of [Plaintiff] and Bryan Altman;" Goldberg

19  and Plaintiff are friends and  "communicate by e-mail about numerous matters having

20  nothing to do with this litigation;" "[a] subpoena that broadly calls for e-mails between

21  [Plaintiff and Goldberg] will sweep up such documents;" Goldberg and Altman are

22  friends and they "have exchanged e-mails on purely personal matters simply as friends;"

23  and a subpoena "that broadly calls for e-mails" between Goldberg and Altman would

24  invade "each of [their] rights of privacy." (*See* Goldberg Decl., ¶¶ 2, 3, 4.)

25      •   Altman contends: he has "been friends with [Goldberg] for more than 25

26  years;" they have "exchanged e-mails on purely personal matters simply as friends;" and

27  a subpoena "that broadly calls for e-mails" between Goldberg and Altman would invade

28  "each of [their] rights of privacy."  (*See* Altman Decl., ¶ 5.)

In her portion of the Joint Stipulation, Plaintiff also baldly states that (1) emails between Plaintiff and Goldberg "include personal emails protected by the Right of Privacy and emails whose subject matter is unrelated to this case;" (2) "seek private, personal, confidential emails between Steven Goldberg, Esq., Bryan Altman, The Altman Law Group and Joel Elkins;" (3) "seek private confidential emails between plaintiff, Loren Beck, Esq. (former attorney at Russ August and Kabat) from her personal email and ZOA email accounts, and between Loren Beck, Esq. and Bryan Altman/Joel Elkins and any attorney from The Altman Law Group."

These statements are not "evidence," as was presented by the plaintiff and relied upon by the in court in *Mintz*, but rather are conclusory, speculative, objectionable, and self-serving statements insufficient to establish that Plaintiff had a reasonable expectation of privacy.   Indeed, Plaintiff, Goldberg, and Altman all appear to conflate "legally protected privacy interests" with unidentified "personal" communications that may have taken place among them.   Plaintiff has cited no authority even suggesting that the mere fact that a third party's production of documents in response to a subpoena may include "personal" communications constitutes grounds for a motion to quash.   As noted above, the court in *Mintz* did not recognize a "legally protected privacy interest" in personal email *generally*.

In addition, in the course of this litigation, Plaintiff produced select emails from her Gmail account between her and Goldberg.  (Filla Decl., ¶ 11.)  The fact that she did so contradicts her position that she has a reasonable expectation of privacy in her Gmail account (and, as stated by her counsel during the meet-and-confer process, that she has an absolute right of privacy in her Gmail account).

Plaintiff also misses the mark with respect to her argument that "Defendants must demonstrate a compelling need" for the information sought with the subpoena;' "that the requests [must be] limited and narrowly tailored to only directly relevant information in this case;" and that a "showing of compelling need and clear relevance is required for discovery."   First, the only authority Plaintiff cites in support of this argument consists of

case law from the District of Hawaii and the Western District of Tennessee, which not only are not binding on this Court, but also are readily distinguishable. Specifically, both of those cases provide that where there is a request for the production of ***personnel records***, there must be a compelling showing of relevance. *See Matter of Hawaii Corp.* (D Hi 1980) 88 FRD 518, 524*; Miller v. Federal Express Corp.* (W.D. Tenn. 1999) 186 F.R.D. 376, 384. The RAK Subpoena does not seek to obtain Plaintiff's personnel records.

Moreover, even if Plaintiff's could establish a legal protected right to privacy in the documents requested by the RAK Subpoena, such documents are not automatically protected from disclosure. As the *Mintz* court explained:

> "'If all three of these elements [to succeed on a claimed right to privacy] are established, ***the plaintiff's privacy interest must be balanced against any countervailing interests of the defendant. Invasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion is justified by a competing interest.*** [Citation omitted.] **'*Conduct alleged to be an invasion of privacy is to be evaluated based on the extent to which it furthers legitimate and important competing interests*'**" [Citation omitted.]

*Mintz,* 906 F.Supp.2d at 1032 (emphasis added).

Here, Defendants' countervailing interest in obtaining evidence essential to their defenses in this action strongly outweighs the privacy interest Plaintiff purports to have (but fails to establish). Plaintiff filed the instant lawsuit and selectively produced during discovery certain emails from her Gmail account – plainly those that she believed helped or at least did not hurt her claims. (Filla Decl., ¶ 11.) Now, however, she contends that production of other (unidentified) documents from the same Gmail account – as well as from her ZOA email account – will infringe on her right to privacy.

In response to requests for admissions, Plaintiff admitted she deleted and double-deleted documents from her Gmail and ZOA email accounts but stated she "does not have specific memory" of which documents she deleted and double-deleted. (Filla Decl.,

¶ 4; Exh. B.)  Defendants are entitled to discovery regarding these emails in connection with pursuing their defenses in this action.  Furthermore, by having (undisputedly) deleted and double-deleted emails from these email accounts, Plaintiff eliminated all reasonable means of obtaining such information other than by issuance of subpoenas to third parties Google, Inc. and Russ, August and Kabat.  Accordingly, to the extent Plaintiff (and/or Goldberg, Beck, Altman, Elkins, and/or The Altman Law Group) has any legally-cognizable privacy interest in her communications (which, again, Plaintiff has failed to establish), Defendants' countervailing need for these documents and inability to secure them from other sources far outweighs any such privacy.

Insofar as Plaintiff asserts, in connection with her privacy-related argument, that the requests "are not even limited to those emails where the ZOA or Mr. Klein are mentioned in the body of the emails," she conspicuously omits the fact that Defendants have offered to narrow the scope of the requests in RAK Subpoena, both during the meet-and-confer process and subsequent thereto, and even despite Plaintiff's premature initiation of the instant motion to quash.  (Hodur Decl., ¶¶ 4,-8, 10, 12; Exh. C.)  In an effort to compromise regarding Plaintiff's stated concerns regarding alleged invasion of her purported (yet unsupported) privacy interests (as well as her arguments regarding purported lack of relevance, overbreadth, and privilege), Defendants were and remain willing to narrow the requests contained in the RAK Subpoena to documents to the time period July 2011 (*i.e.* approximately three (3) months prior to the commencement of Plaintiff's employment with the ZOA) and, consistent with the Court's January 24, 2014 Amended Order Following <u>In Camera</u> Review Requiring Plaintiff to Produce Certain Redacted Therapist Records (Docket No. 76), to documents reflecting any discussion relating to the ZOA, Plaintiff's employment with the ZOA, the ZOA's employees, Board, and volunteers, including but not limited to emails, containing the following terms, or any of them: Morton Klein (and related iterations, such as Morton, Mort, Klein, Mort Klein, and MK); ZOA (or Zionist Organization of America); 501(c)(3) (or 501c3); revocation; tax-exempt (or tax exempt); David Drimer (or Dave Drimer,

Drimer); Susan Tuchman (or Tuchman); Stanley Kessock (or Stan Kessock, Kessock); Josh Teplow (or Joshua Teplow, Teplow); Regional Executive Directors (and names of Regional Executive Directors employed with the ZOA during the applicable time period); members of the ZOA's National Board of Directors (by name, including Steve Goldberg); and members of the ZOA's Los Angeles Regional Board of Directors (by name).

### 1. **Plaintiff Has Not Articulated Any Basis For Quashing The RAK Subpoena Based On Alleged Work Product Protection, Nor Has She Proffered Any Evidence To Show Work Product Materials Exist Among The Documents Requested In The RAK Subpoena.**

Plaintiff's argument that RAK Subpoena Requests Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 improperly invade the work product doctrine is utterly without support. Plaintiff asserts these Requests "impermissibly seek the production of emails which include attorney work-product between The Altman Law Group, plaintiff, and attorneys with Russ, August and Kabat" and "[t]he work product doctrine would also preclude discovery of email and other materials between our client [Plaintiff] and others that were prepared in anticipation of litigation." Plaintiff's argument for quashing the RAK Subpoena on work product grounds consists of these conclusory assertions, recitation of the federal work product doctrine codified at Federal Rule of Civil Procedure 26(b)(3), and mischaracterization of the law.

Indeed, Plaintiff does not set forth a single factual allegation (let alone proffer any competent evidence) in support of her work product claim. She provides no evidence (or even any allegation) as to when she anticipated litigation so as to trigger work product protection and fails to identify a single person with respect to whom "email and other materials" between Plaintiff and "others" were prepared in anticipation of litigation.

Moreover, Rule 26(b)(3)(A) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its *representative (__including the other party's attorney, consultant, surety, indemnitor, insurer, or agent__. . . .*" (Emphasis added.) Plaintiff

cannot assert work product protection for someone "who is not [her] representative." *Holland v. Nat'l Union Fire Ins. Co.* (E.D. Cal. Oct. 31, 2013) 2013 U.S. Dist. LEXIS 157161, *10-11 (holding that Plaintiff could not quash a subpoena on work product grounds submitted to another attorney with whom he never had an attorney client relationship).

In addition, Plaintiff's interpretation of case law cited in support of her work product argument is misleading. Despite Plaintiff's indication to the contrary, *United States v. Rowe* (9th Cir. 1996) 96 F.3d 1294, 1297 did *not* hold that all fact finding activities are protected by the attorney-client privilege. Rather, the Court stated that "fact-finding *which pertains to legal advice* counts as 'professional legal services.'" *Id.* at 1297 (emphasis added). Moreover, the attorney-client privilege and work product, although often asserted simultaneously, are not interchangeable.

Plaintiff's reliance on *Barton v. United States Dist. Ct. For Cent. Dist. Of Calif.* (9th Cir. 2005) 410 F. 3d 1104, in support of argument that the RAK Subpoena should be quashed because it allegedly infringes upon the work product doctrine, is inapposite. In *Barton*, the Ninth Circuit addressed the issue of whether a law firm's online intake form was subject to the attorney client privilege. *Id.* at 1106-08. The Court determined that despite a provision disclaiming the formation of an attorney-client relationship, the individuals filling out the intake were "securing legal advice" by answering specific questions about the effects of a drug, which was the subject of a class action. *Id.* at 1106, 1111. Again, however, the attorney-client privilege and work product doctrine are distinct and are not interchangeable.[2] The issue with respect to Plaintiff's work product argument is not whether an attorney-client relationship existed, let alone whether such a relationship was established by a questionnaire, but rather whether various emails were made "in anticipation of litigation."

Plaintiff's citation to *Matter of Fischel* (9th Cir. 1977) 557 F. 2d 209, 213 likewise is misplaced. The Ninth Circuit in *Matter of Fischel* in fact determined that work product

---

[2] Indeed, while the attorney-client privilege is an evidentiary privilege, the federal work product doctrine is not.

protection did **not** apply to the summaries at issue.  And in reaching this conclusion, the Ninth Circuit provided no analysis of the general applicability of the work product doctrine.

### 2.   The RAK Subpoena Does Not Seek Any Emails Protected By The Attorney-Client Privilege.

The attorney-client privilege protects from disclosure the confidential communications *between a client and his or her attorney*. Cal. Evid. Code § 954.  Only once it is determined that a communication was made in "the course of the lawyer-client" is a communication "presumed to have been made in confidence." Cal. Evid. Code § 917.

Plaintiff cannot assert attorney client privilege as grounds to quash a subpoena directed at obtaining information from someone with whom Plaintiff never had an attorney-client relationship. *Holland*, *supra*, 2013 U.S. Dist. LEXIS 157161 at *10-11 ("Plaintiff never had an attorney-client relationship with Robert Zaro, defense counsel in the medical malpractice action, and therefore cannot assert the privilege as grounds to quash the subpoena directed to him").

With respect to Requests Nos. 11, 12, 13, 14, 15 and 16, Beck and Plaintiff never had an attorney-client relationship, nor does Plaintiff allege they did.  As such, Plaintiff cannot assert attorney-client privilege as grounds to quash a subpoena seeking email communications with him. *See Holland*, *supra*, 2013 U.S. Dist. LEXIS 157161 at *10-11. Beck is a third party who was not and is not Plaintiff's representative or attorney. Communications between Plaintiff and Beck therefore are not protected by the attorney-client privilege.

With respect to Requests Nos. 7 and 9, Goldberg and Plaintiff never had an attorney-client relationship, nor does Plaintiff allege they did.   Instead, in their declarations in support of Plaintiff's motion to quash, both testified merely that they were and are "friends." (*See* Arfa Decl. ¶ 3; Goldberg Decl. ¶ 3.)  Plaintiff also testified during her deposition that she never has been represented by Goldberg and that she has neither sought nor received legal advice from Goldberg.   Therefore, Plaintiff cannot assert

52

attorney-privilege as grounds to quash a subpoena seeking communications between her and Goldberg. *See Holland*, 2013 U.S. Dist. LEXIS 157161 at 10-11. With respect to any alleged communications by Altman to Goldberg regarding Plaintiff's case, to the extent Altman revealed confidential communications to Goldberg, the privilege between Plaintiff and Altman has been waived and those communications no longer remain privileged. *See* Cal. Evid. Code § 954.

With regard to Requests Nos. 17, 18, 19 and 20, as discussed above, Plaintiff did not have an attorney-client relationship with Beck and thus cannot assert the attorney-client privilege to quash a subpoena seeking communications between Plaintiff and Beck. *Holland*, 2013 U.S. Dist. LEXIS 157161 and *10-11. To the extent Plaintiff's attorneys of record, Altman and/or Elkins (or other attorneys with The Altman Law Group), may have revealed privileged and confidential communications about Plaintiff to Beck, the privilege was waived. *See* Cal. Evid. Code § 954. In addition, despite Plaintiff's reliance on *Rowe* for the proposition that fact investigation is protected by the attorney-client privilege, only investigations done *in the course of providing legal advice* is protected. 96 F.3d at 1297.

In any event, Defendants do not have any interest in seeking Plaintiff's attorney-client privileged communications with the RAK Subpoena (or otherwise). During the meet-and-confer process, Defendants agreed to expressly exclude from the RAK Subpoena any and all communications Plaintiff and her counsel of record, The Altman Law Group (including attorneys and staff). (Hodur Decl., ¶ 12; Exh. C.)

## IV.   ISSUE NO. 2: REQUEST FOR SANCTIONS

### A.   PLAINTIFF'S CONTENTIONS

#### 1.   Defendants Should be Sanctioned for Seeking the Production of Irrelevant, Private, Personal Emails from Non-Parties

Rule 37 of the Federal Rules of Civil Procedure sets forth the mechanism for enforcing the discovery rules by imposing sanctions on parties who violate the rules.

Based on the conduct of Defendants and counsel in this case by seeking irrelevant, private, personal emails and attorney work-product, without good cause and substantial justification, monetary sanctions should be awarded to Plaintiff.

**B. DEFENDANT'S CONTENTIONS**

Plaintiff's reliance on Rule 37 in seeking sanctions in connection with her motion to quash is misplaced. At issue in Plaintiff's motion is a Rule 45 subpoena; however, none of the issues addressed in Rule 37 apply to Defendants' issuance of this subpoena. First, there is no motion at issue compelling or ordering disclosure or discovery. Second, there is no court order at issue with which Defendants failed to comply. Third, Defendants did not fail to disclose, to supplement an earlier response, or provide a required admission. Fourth, Defendants did not fail to attend a deposition. *See* F.R.C.P. 37. As such, there is no basis for claiming Rule 37 sanctions.

Moreover, Defendants have attempted to meet and confer with Plaintiff in good faith to narrow the scope of their requests and avoid Plaintiff's necessity of filing this motion. The only obstacle to such attempts was Plaintiff's abandonment of the meet-and-confer process followed by her hastily-filed motion to quash. As such, the Court should deny Plaintiff's request for sanctions. Thus, even if Rule 37 contained a provision for sanctions applicable to the RAK Subpoena, Plaintiff would not be entitled to an award of sanctions against Defendants and, in fact, it is Plaintiff's conduct in aborting the meet-and-confer process that would be sanctionable.

**V. CONCLUSIONS:**

**A. PLAINTIFF'S CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that her Motion to Quash the subpoena to Russ, August and Kabat, LLP be granted in its entirety.

**B. DEFENDANTS' CONCLUSION**

Based on the foregoing, Defendants respectfully request that Plaintiff's Motion to Quash as to the RAK Subpoena be denied in its entirety. If the Court for any reason is

inclined to grant Plaintiff's motion, Defendants respectfully request that the Court instead permit Defendants to modify the RAK Subpoena as discussed above.


Dated:  March 6, 2014                    THE ALTMAN LAW GROUP


                                         By: /s/: BRYAN C. ALTMAN
                                             Bryan C. Altman
                                         Attorneys for Plaintiff
                                         ORIT ARFA


Dated:  March 6, 2014                    JACKSON LEWIS PC


                                         By:/s/: CYNTHIA L. FILLA
                                             Cynthia L. Filla
                                             Jennifer B. Hodur
                                         Attorneys for Defendants
                                         ZIONIST ORGANIZATION OF
                                         AMERICA and MORTON KLEIN

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT, CENTRAL DIST. OF CALIFORNIA

**CASE NAME:**     **ORIT ARFA v. ZIONIST ORGANIZATION OF AMERICA, ET AL.**

CASE NUMBER:     CV 13-2942 ABC (SSx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6300 Wilshire Blvd., Suite 980, Los Angeles, CA 90048.

On March 6, 2014, I served following document(s) described as:

**DISCOVERY MATTER: JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO RUSS, AUGUST & KABAT**

on the parties in this action listed below in the manner designated below:

Cynthia L, Filla Esq. (SBN 184638)          Gregory S. Glazer, Esq.
Jennifer B. Hodur, Esq. (SBN 211948)     Hirschfeld Kraemer LLP
JACKSON LEWIS P.C.                                 233 Wilshire Boulevard, Suite 600
725 South Figueroa Street, Suite 2500       Santa Monica, CA 90401
Los Angeles, California  90017-5408           Telephone: (310) 255-0705
Telephone:  (213) 689-0404                         Facsimile: (310) 255-0986
Facsimile:  (213) 689-0430

Attorneys for Defendants
ZIONIST ORGANIZATION OF
AMERICA

☒   **BY MAIL**    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY NOTICE OF ELECTRONIC FILING.**    The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

☒   **FEDERAL**    I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 6, 2014, at Los Angeles, California.

_____/s/:IRENE REZNIK_____
Irene Reznik

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28